## SEABOARD AIR–LINE RAILWAY *v.* PIERCE.

1. A petition in a suit against a railroad company, alleging that the plaintiff's husband was an engineer of the company and was killed by the derailment of the engine which he was running on the defendant's road, without fault on his part, and averring that such killing was "negligent, wrongful, and inexcusable," was not open to general demurrer.
2. But a petition containing only such general allegations of negligence was not sufficient to withstand a special demurrer setting up that it failed to set forth any specific acts of negligence.

Argued April 12, — Decided May 13, 1904.

Action for damages. Before Judge Norwood. City court of Savannah. January 16, 1904.

*J. Randolph Anderson,* for plaintiff in error.

*Twiggs & Oliver,* contra.

FISH, P. J.    Mary Pierce sued the Seaboard Air-Line Railway for damages for the homicide of her husband.   The allegations of her petition, material to the questions made by the record now before us, were, in brief: that her husband, while in the employment of the defendant as a locomotive engineer, was, on a given date, running an engine of a passenger-train over the defendant's road, at the rapid rate of speed demanded by the schedule of such train; that the engine, when it reached a switch at a designated place on the road, became derailed and was overturned, and petitioner's husband was pinned beneath the cab of the engine and his skull crushed, from which injuries he died two days thereafter; that he was entirely free from fault at the time, and that, "By reason of the negligent, wrongful, and inexcusable killing of . . petitioner's . . . husband, as aforesaid, . . 'petitioner" was entitled to recover a designated sum as damages for his homicide.   The defendant duly filed a demurrer to the petition, on the grounds, that it failed to allege any act of negligence on the part of the defendant showing a cause of action, and failed "to apprise . . defendant of the specific grounds by reason of which it [was] contended that . . defendant [could] be held liable in the . . suit, so as to enable [the] defendant to make proper or intelligent answer . . and to prepare for trial in said case."   The demurrer went over until the trial term, and on the day it was passed on the defendant made a motion to dismiss the case, on the ground that the petition did not set out a cause of action.   The court overruled the demurrer and the motion on the same day, and on that day the defendant excepted to both of said rulings.

1. Was the petition sufficient to withstand the motion, in the nature of a general demurrer, to dismiss it?   This depended on whether the defendant could have admitted all the allegations of the petition and escaped liability.    *Pullman Palace Car Co. v. Martin*, 92 *Ga.* 161–164; *Georgia Railroad Co.* v *Rayford*, 115 *Ga.* 937.    From the allegations of the petition it appeared that petitioner's husband was an employee of the defendant; that, while in the discharge of his duty as such, he was killed by the running of defendant's locomotive, and that he was, at the time, wholly without fault, and it was averred that such killing was "negligent, wrongful, and inexcusable."   The defendant could not admit these allegations and escape liability.   As the petition was,

in substance, sufficient, the overruling of the motion to dismiss it was not erroneous.     See *Georgia Railroad Co.* v. *Rayford*, supra, and cit.

2. Under the rulings made in *Blackstone* v. *Central Railway Co.*, 105 *Ga.* 380, and *Russell* v. *Central Railway Co.*, 119 *Ga.* 705, the ground of special demurrer, to the effect that the petition failed to allege any specific act of negligence on the part of the defendant company, was meritorious, and the court erred in not dismissing the petition on this ground.     In *Russell's* case, supra, it was held:   "A count in a petition against a railway company, claiming damages for negligence, which alleges in general terms that the defendant was guilty of negligence, should be stricken on special demurrer setting up that the petition fails to set forth the particulars in which the defendant was negligent, unless the defect in the petition is cured by amendment."     See also *Louisville R. Co.* v. *Cody,* 119 *Ga.* 789 ; *Palmer Brick Co.* v. *Chenall*, Ib. 837.

*Judgment reversed.     All the Justices concur.*