## PIERCE v. SEABOARD AIR-LINE RAILWAY.

1. When in a petition by a widow of an employee of a railroad company, claiming damages for the homicide of her husband as a result of the negligence of other employees of the company, the averments of the petition, taken as a whole, show that the husband of the plaintiff was blameless in reference to the transaction which caused his death, an allegation in a paragraph of the petition, separate and distinct from those in which it appeared that the husband was blameless, that he was "free from fault," even if it is to be treated as a mere conclusion of the pleader, is not inappropriate to the petition, and furnishes no reason for striking that paragraph or for dismissing the whole case.

2. A petition by a widow against a railroad company for the homicide of her husband, who had been an employee of the defendant, which set forth the time when, the place at which, and the circumstances under which the homicide occurred, and alleged that it was the result of the negligence of the officers, agents, and servants of the defendant, was not subject to a special demurrer raising the objection that the names of such officers, agents, and servants were not set forth in the petition.

3. The petition set forth a cause of action, and was not subject to any of the objections raised in the demurrers.

Argued March 11, — Decided March 27, 1905.

Action for damages.   Before Judge Cann.   Chatham superior court.   February 1, 1905.

The action was for the homicide of the plaintiff's husband, which was alleged to have been caused by the derailment of a

train on the defendant's railway in the State of Florida, on which
he was employed as a locomotive engineer.    It was alleged, that
the derailment resulted from defects in the road-bed and in a
switch, which defects, and the manner, time, and place of the
homicide, were set forth with particularity ; that the plaintiff's hus-
band did not know of these defects, and could not, by the exercise
of ordinary care, have discovered them ; that the train was run-
ning at the rapid rate of speed demanded by its schedule time ;
that on account of this rapid speed the defects could not be de-
tected ; and that his death was caused by the negligence of the
"defendant company, its officers, agents, servants, and employees,
in permitting said defects and dangers to exist." In the 5th para-
graph it was alleged that prior to the derailment and at the time
thereof, the plaintiff's husband "in no way consented to or con-
tributed to the same, but was entirely free from fault." The petition
set out statutes of Florida imposing liability in cases of the char-
acter alleged.    The defendant demurred on the grounds, that the
allegation of freedom from fault, in the 5th paragraph, is a mere
conclusion of the pleader, with no facts set forth from which the
conclusion is drawn ; that the petition fails to give the names of
the officers, agents, and servants of the defendant whose acts are
alleged to have brought about the transaction in which the plain-
tiff's husband lost his life; and fails to allege that they were act-
ing in their capacity as such officers, agents, and servants at the
time of the occurrence, as provided by the statute of Florida, set
forth in the petition.    The court sustained these grounds of de-
murrer, and passed an order allowing the plaintiff time within
which to amend in order to meet them.    The plaintiff failed to
amend, the petition was dismissed, and she excepted.

*Twiggs & Oliver*, for plaintiff.
*J. Randolph Anderson*, for defendant.

COBB, J.    1. The law of Florida authorizing an employee of a
railroad company to recover damages from the company for an
injury resulting from the negligence of a coemployee is substan-
tially the same as the law of Georgia on that subject.    The peti-
tion in such a case must allege all of the facts necessary to con-
stitute a cause of action, and there are at least three essential
elements necessary to make the cause of action complete : injury
to the plaintiff resulting from an act of the servants and agents

of the company, negligence on their part in connection with the matter bringing about the injury, and freedom from fault on the part of the plaintiff in reference to all matters connected with the transaction which contributed substantially to the injury.     It is therefore necessary that all of these elements should appear in the averments of the petition.     The absence of any one of them would make the petition substantially defective.     The presence of all three would make the petition good in substance.     If in the allegations in reference to any of these elements the averments of the petition do not deal with the subject with that particularity which would be required to put the defendant on notice of what it had to meet, such defects can be taken advantage of by special demurrer, and would be fatal in the absence of an appropriate amendment.     *Seaboard Air-Line Railway* v. *Pierce,* 120 *Ga.* 230. The averments of the petition in the present case were sufficient, if proved, to show negligence on the part of the defendant, resulting in the death of the plaintiff's husband.     Taking the allegations as a whole, it also appears, without reference to the averment in the fifth paragraph, that the plaintiff's husband was free from fault in the transaction resulting in his death.     It is averred that he was running his engine at the rate of speed required by the rules of the company, which was a very high rate, but which would not have been an improper or negligent rate of speed if the road-bed and switch had been in proper condition; that he did not know of the defective condition of the switch, and had no opportunity of ascertaining it except that which was afforded by looking out from his engine as he was approaching and passing the point where the defects existed.     It was distinctly alleged that, on account of the rapid rate of speed at which he was required to run, and at which he was actually running in obedience to the orders of his superiors, it was impossible for him to detect the defects in the road-bed, track, and switch as he approached the point at which the defects existed; and while the petition does not distinctly allege that he was on the lookout as he was approaching the switch, it is in effect alleged that if he had been on the lookout it would have been impossible for him to see the defects which brought about the catastrophe.     We do not see how it could have been alleged with greater certainty that he was blameless in the transaction.     Such being the proper con-

struction of the averments of the petition relating to the negligence of the defendant and the conduct of the plaintiff's husband, the averment in the 5th paragraph that he was "free from fault" can be properly considered simply. as a conclusion drawn from these allegations; and while it would have been more appropriate for this conclusion to have been alleged in connection with the averments from which it was drawn, the fact that it was not placed in immediate connection therewith constituted no reason for striking the 5th paragraph of the petition or dismissing the whole case. If the plaintiff's case depended entirely upon the averments in the 5th paragraph, so far as the freedom from fault of her husband was concerned, there might be some question as to whether a mere allegation that he was free from fault would be sufficient to put the defendant on notice of what facts it was to meet at the trial, which were claimed to show that the deceased was blameless in the transaction which brought about his death. This court has never made any distinct ruling that, in cases of the character now under investigation, a mere general averment that the employee was without fault would be sufficient without an allegation of the facts from which this conclusion is drawn; and expressions used in different cases would indicate that the writers of the opinions were not entirely in accord with each other on this subject. See *Allen* v. *Factory*, 82 *Ga.* 76, 79 ; *Central R. Co.* v. *Hubbard*, 86 *Ga.* 623 (1); *Seward* v. *Draper*, 112 *Ga.* 673 ; *Ga. R. Co.* v. *Raiford*, 115 *Ga.* 937, 938 ; Hopkins, Pers. Inj. §§ 527 et seq. In neither the *Hubbard* nor the *Raiford* case was there any special demurrer. In the *Allen* case freedom from fault depended largely upon want of knowledge, and it was said that this could have been made the subject of a distinct allegation. In the present case want of knowledge as to the existence of the defects is distinctly alleged.

2. That ground of the demurrer which objected to the petition on the ground that it failed to give the names of the alleged negligent officers, agents, and employees of the defendant was sustained by the judge. We do not think this was a sufficient reason for dismissing the case. In a case like the present, the negligent acts of the officers, servants, and agents of the company and the time and place of their commission are all that is necessary to put the defendant on notice of what it is to meet with

respect to this matter.    An employer has greater facilities for ascertaining the names of his employees than one who is injured by the negligence of such employees; and especially is this true where the injured employee and the negligent employees are engaged in different departments of work; as well as in the case of a widow of a deceased employee, who is the plaintiff in a suit brought for his homicide.    While a railroad company operating a long line of railroad has necessarily numerous employees, and often the principal officers do not know the names of all such employees, the facilities which they have for obtaining information is greater than that which a stranger, or even an employee, would have.    And where the time, place, and all the circumstances of the catastrophe which brought about the injury or homicide are alleged with great particularity, it should be an easy matter for the railroad company to ascertain the names of the employees who were responsible if responsibility existed, or who were blameless if the charge was unfounded.    It is certainly easier for it to obtain this information than it would be for the widow of the deceased employee.    In *Augusta Ry. Co.* v. *Andrews,* 92 *Ga.* 706, where the right of the plaintiff to recover depended upon the grant of permission by the City Council of Augusta to climb a fire-alarm pole, it was held that an allegation that this permission had been granted by the "City Council of Augusta, through its duly authorized officers and agents," was sufficient, without stating the name of any particular officer or agent of the municipality.    The question was raised in that case by a special demurrer, as appears from the reporter's statement on page 707, which we have verified by an examination of the original record.    See also *Woodson* v. *Johnston,* 109 *Ga.* 454 (2); *Nashville Ry. Co.* v. *Priest,* 117 *Ga.* 769.    In *Cherokee Mills* v. *Gate City Cotton Mills,* 122 *Ga.* 268, which was a suit for a breach of contract, the plaintiff alleged in one paragraph of the petition that the negotiations were conducted "through its proper officers;" and in another paragraph, which claimed attorney's fees on account of bad faith, it was averred that the plaintiff had approached the defendant company, "through its proper officers, to make good said contract."    It was held that a special demurrer, alleging that the petition did not set forth the names of the officers referred to, was well taken, and that it was

neither unreasonable nor a hardship upon the plaintiff to give the names of its own officers, and the names of' the officers of the defendant company with whom its officers had dealt. In such a case this information was equally within the knowledge of both parties, if any transaction took place. The ruling, so far as it relates to the officers of the plaintiff company, is directly in line with the ruling now made, and that part of the decision which required the plaintiff to set forth the names of the defendant's officers with whom it dealt is not at all in conflict with the present ruling. If a transaction actually took place between the officers of the two companies, the names of the officers of the defendant were equally within the knowledge of both parties. If no such transaction took place, the names of the officers with whom the transaction was claimed to have taken place was more within the knowledge of the plaintiff than of the defendant, and the defendant was entitled to know the names of such officers.

3. The petition set forth an extract from a statute of Florida, in which a right to recover is given in case of death from the "wrongful act, negligence, carelessness, or default of any corporation, or by the wrongful act, carelessness, negligence, or default of any agent of any corporation, acting in his capacity of agent of such corporation." The demurrer raises the objection, not only that the petition did not specify the names of the agents of the defendant for whose wrongful act it is sought to be held liable, but also that it failed to allege facts showing that such alleged agents were then and there acting in the capacity of agents of the defendant and within the legitimate scope of their authority. That part of the demurrer which raises the objection in reference to the names of the agents is disposed of by what is stated in the preceding division of this opinion. The Florida statute in effect makes a railroad company responsible for the acts of omission or commission of its duly authorized agents, and the words "acting in his capacity of agent of such corporation," merely state the general rule of law making a principal responsible for the acts of his agent done within the legitimate scope of his authority. So construing the statute. the allegations of the petition were sufficient to show that the acts complained of were the acts of agents of the corporation.

*Judgment reversed. . All the Justices concur.*