## HUDGINS *v.* COCA COLA BOTTLING COMPANY.

1. In an action founded upon negligence, mere general averments of negligence are sufficient as against a general demurrer ; but when a special demurrer is filed raising the objection that the allegations are too general, the particulars of the negligence must be set forth.
2. A plaintiff in an action founded upon negligence is confined to proof of the acts of negligence alleged in his petition, or which constitute the res gestæ.
3. A specification of the particulars of the negligence relied on can not be avoided by an allegation that the plaintiff has been unable to ascertain the particular acts of negligence causing the injury, and that on account of the manner in which the injury was inflicted they were more peculiarly within the knowledge of the defendant than of the plaintiff.
4. General averments of negligence can not be aided by the maxim res ipsa loquitur. This maxim can not be invoked to aid a defective pleading.

Argued February 4,—Decided May 10, 1905.

Action for damages.　Before Judge Reid.　City court of Atlanta.　May 28, 1904.

The petition alleged, in substance:   On July 15, 1903, the defendant was engaged in the manufacture and sale of bottled coca cola.   On that date the plaintiff, who was a grocery merchant, bought from an agent of the defendant a case of bottled coca cola, to be resold at the grocery store.   On or about July 25, while the plaintiff was handling one of the bottles of coca cola, it exploded and seriously injured him.   " Said bottle exploded by reason of the negligence of defendant, in that the said coca cola was improperly manufactured and improperly bottled, and that said bottle was defective."   " Said bottle exploded without any fault on the part of petitioner, and he could not have avoided the consequences of defendant's negligence by the use of ordinary care." " Defendant was negligent in that it sold to petitioner a substance dangerous to handle and in not giving petitioner notice of said danger."   Damages are laid in the sum of $1,500.   The defendant demurred generally and specially to the petition.   The special demurrer raised the objection that the allegations in reference to the negligence of the defendant and the cause of the explosion were too general.   The court reserved its decision on the general demurrer, and sustained the special demurrer and allowed the plaintiff ten days within which to amend his petition.   Within the time provided, the court allowed and ordered filed, subject to demurrer, an amendment which alleged substantially as follows: The plaintiff took from an ice box or refrigerator one of the coca cola bottles, and was holding it in his hand when it exploded. He was exercising ordinary care and was handling and using the bottle as it was intended to be used.   " Petitioner does not know and has no way of ascertaining what elements or ingredients were used in the manufacture or preparation of said coca cola, or how the same was manufactured or prepared; these facts being peculiarly within the knowledge of defendants.   But petitioner alleges that if said coca cola had been properly bottled and properly manufactured, it would not have exploded as aforesaid.   Said coca cola was kept properly by petitioner, and had not been altered or tampered with in any manner after it was bought from defendants. Said bottle exploded with a loud sound, and pieces of glass flew off, injuring him as alleged."   The defendant demurred to the petition as amended, and attacked that paragraph which alleged that the plaintiff was ignorant of the composition of coca cola, or of

how it was manufactured, and that these matters were more peculiarly within the knowledge of the defendant; on the ground that the allegations were irrelevant and immaterial. The defendant also made a motion to dismiss the petition. The court sustained this motion, as well as the general demurrer, and the special demurrer to the amendment. The plaintiff excepted. There was no exception to the order sustaining the special demurrer to the original petition.

*Burton Smith* and *J. A. Branch,* for plaintiff.

*John L. Hopkins & Sons,* for defendant.

FISH, P. J. As the plaintiff did not except to the order sustaining the special demurrer to the original petition and requiring him to amend, it must be assumed that this judgment was correct. The amendment did not cure the defects in the original petition pointed out by this special demurrer, unless the allegations with reference to the plaintiff's inability to ascertain the real cause of the explosion had this effect. The only question, therefore, presented for decision is whether or not it is sufficient to aver, in a suit for an alleged negligent injury, that the plaintiff has been unable to ascertain the particulars of the negligence and the real cause of the injury, but that these matters are more peculiarly within the knowledge of the defendant, and therefore need not be set out.

In some jurisdictions it is held, that as negligence depends upon the facts, and is matter for proof, it is not necessary, in a complaint founded upon negligence, to do more than make a general averment that the defendant was negligent; and that under such an averment any negligence contributing to the injury may be shown. See 1 Estee's Pl. (4th ed.) § 327; Bliss on Code Pl. § 310 a; 14 Enc. P. & P. 334. It is also held that the particulars of the negligence need not be pleaded where the facts lie more peculiarly within the knowledge of the adverse party. Eldridge 𝑣. R. Co., 1 Sand. 89. Those States which follow the rule above stated also hold that the pleader is required to state the facts constituting the negligence complained of, only so far as they appear to be properly within his knowledge. Chicago Ry. Co. *v.* Jennings, 157 Ill. 274. The rule has been stated by the Court of Civil Appeals of Texas as follows: "Particular facts of

negligence implied from a negligent act need not be alleged when it is not in the power of the pleader to do so. Such facts are peculiarly within the knowledge of the defendant." San Antonio Ry. Co *v.* Adams, 6 Tex. Civ. App. 102. See also Cox *v.* Gas Co., 17 R. I. 199. Counsel for the plaintiff in error earnestly in-vokes the application of this rule in the present case. But it can not be followed in this State without doing violence to numerous decisions of this court of many years standing, and perhaps also to the statutory provision that the petition shall "plainly, fully and distinctly" set forth the "charge, ground of complaint, and de-mand." Civil Code, § 4960. The rule is firmly fixed in the adjudications of this court that while as against a general de-murrer a mere general averment of negligence will suffice, a plaintiff must, when called on by special demurrer to do so, spec-ify wherein the negligence consisted and the particulars thereof. Of course there are limitations to this rule, and cases arise where the line must be drawn. The plaintiff must not be too general, and the defendant must not be too particular. But the rule is well established, though not always easy of application. In *Pull-man Car Co.* v. *Martin*, 92 *Ga.* 161, the plaintiff sought to recover the value of the jewelry lost in a sleeping-car, averring that "defendant so negligently guarded and protected her while she was thus sleeping, that through its negligence some person unknown to her, while she was asleep, and during the night," took the jewelry from a satchel. It was held that these aver-ments of negligence were good against a general demurrer, but were too indefinite as against a special demurrer calling for the particulars of the negligence. In *Blackstone* v. *Railway Co.*, 105 *Ga.* 381, it was alleged that the injury resulted from a pole which was "too near the track." This averment was held too general, on special demurrer raising the objection that the petition did not show "how near said pole was to the track." In *Miller* v. *Mer-chants Transportation Co.*, 115 *Ga.* 1010, the petition alleged that the plaintiff's injuries were caused in part by the negligence of the defendant in not properly loading and distributing the cargo of a ship. It was held that the petition was properly dis-missed on special demurrer calling for particulars as to the alleged negligence. Similar rulings were made in *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (5), *Seaboard Air-Line Railway* v.

*Pierce*, 120 *Ga.* 230, and *Macon Railroad Co.* v. *Stewart*, 120 *Ga.* 890. Many other decisions to the same effect might be cited, but the foregoing will serve to illustrate the rule which has been so often and so uniformly applied by this court. The further rule is equally well established, that a plaintiff must recover upon the allegations of negligence alleged, and is not permitted to recover on acts of negligence not set out in the petition. *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (6), and cit.

In view of these well-established rules, the conclusion is inevitable that in this State a plaintiff can not avoid setting forth the particulars of the negligence relied on by averring that such matters are more peculiarly within the knowledge of the defendant, and can not, for want of information, be alleged. What proof of negligence could be offered when he avers that he can not, for want of information, allege any specific act of negligence? We are not unmindful of the fact that hardship may sometimes result from the application of this rule in given cases, but we entertain no doubt that the conclusion we have reached is correct. Nor are the averments in the present case aided by the maxim res ipsa loquitur. If an inference of negligence is to be drawn from the explosion of the bottle (*McDonnell* v. *Central Ry. Co.*, 118 *Ga.* 91; *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 107; *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 842), it is an inference which the jury may draw from the nature of the injury and the manner of its occurrence, and can not be invoked to aid a defective pleading. "The general rule is that negligence is never presumed from the mere fact of injury; yet the manner of the occurrence of the injury complained of, or the attendant circumstances, sometimes well warrant an inference of negligence. It is sometimes said that it warrants a presumption of negligence; but the presumption is not one of law but of fact. It is, however, more correct and less confusing to refer to it as an inference rather than a presumption; and not an inference which the law draws from the fact, but an inference which the jury are authorized to draw; and not an inference which the jury are compelled to draw." *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 842.

The plaintiff having been given an opportunity to amend, to meet the defects in the original petition pointed out by the special demurrer, and the amendment offered not being sufficiently

definite to cure the defects, there was no error in dismissing the petition, without regard to whether the petition was good in substance.     It is therefore unnecessary to determine whether the general demurrer should have been sustained.

*Judgment affirmed.     All the Justices concur, except Candler, J., disqualified, and Lumpkin, J., not presiding.*