## NATIONAL BANK OF SAVANNAH *et al. v.* EVANS *et al.,* receivers.

GEORGE, J. 1. In an action on the case for conspiracy, the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover in one action against all as joint tort-feasors. *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551); Van Horn *v.* Van Horn, 56 N. J. L. 318 (28 Atl. 669), s. c. 52 N. J. L. 284 (20 Atl. 485, 10 L. R. A. 184); Parker *v.* Huntington, 2 Gray (Mass.), 124; 8 Cyc. 673.

2. Accordingly, a petition which alleged that three named persons, at a time stated, "entered into a conspiracy for the purpose" of wrongfully withholding from the plaintiff certain commercial securities "and for the purpose of converting them [the securities] to the joint use and benefit of the said" named persons; that the said defendants "in furtherance of said conspiracy" did withhold the described securities from the plaintiff, and on a day named did convert the same "to their own joint use and benefit," to the loss and injury of the plaintiff in a sum alleged as the actual value of the securities on the date of their conversion, sufficiently set forth a conspiracy as against a general demurrer. Nor was such petition subject to special demurrer "which attacked it because of the alleged lack of sufficient facts or overt acts to support a charge of conspiracy between the three defendants."

(a) So far as the conspiracy is concerned, no further specification is required than the general terms in which it is pleaded in the declaration; and this is true although the jurisdiction of the court to render judgment against one or more of the defendants depends upon allegations and proof of conspiracy.        *All the Justices concur.*

No. 1086. APRIL 18, 1919.

The foregoing rulings are in response to questions propounded by the Court of Appeals (in Case No. 9386), as follows:

"This was a suit brought to the superior court of Screven county by the receivers of the Citizens & Screven County Bank, against

the National Bank of Savannah, J. E. Jaudon, and W. J. Walker. According to the petition Walker was a resident of Screven county, while the other two defendants were residents of Chatham county. The petition charged that the three defendants had conspired to, and actually did, in pursuance of such conspiracy, withhold from the plaintiffs certain collateral notes and other securities which had previously been fraudulently pledged by the Screven County Bank to the Savannah Bank to secure an antecedent indebtedness of the former bank to the latter bank. These notes and securities were set out in the petition. Unless the conspiracy between the three defendants was shown, the trial court had no jurisdiction over two of them—the National Bank of Savannah and J. E. Jaudon. The alleged conspiracy between the three defendants was set forth in the petition as follows: 'On or about the 27th day of November, 1915, or shortly prior thereto, the said defendants, W. J. Walker, the National Bank of Savannah, and J. E. Jaudon, entered into a conspiracy for the purpose of withholding from said receivers, under said illegal and void pledges, the said collateral notes and other securities herein referred to, and for the purpose of converting them to the joint use and benefit of the said defendants, the said W. J. Walker, the said National Bank of Savannah, and J. E. Jaudon. Petitioners further charge, that, in furtherance of the said conspiracy, the said W. J. Walker, the National Bank of Savannah, and J. E. Jaudon did withhold from the said receivers, under said illegal and void pledges, the said collateral notes and other pledges herein referred to, and, on or about the said date, to wit, on or about the 27th day of November, 1915, the said W. J. Walker, the National Bank of Savannah, and J. E. Jaudon converted to their own joint use and benefit the collateral notes and other securities so pledged; that on or about the 27th day of November, 1915, the date of the said conversion, the said collateral notes and other securities had an actual value of the sum of $60,000 or other large sum.

"1. Was the alleged conspiracy sufficiently set forth to make the petition good as against a general demurrer? In this connection the attention of the court is called to the repeated rulings of the Supreme Court, that where a petition is good in substance it should not be dismissed on general demurrer for defects which could be cured by amendment; such defects should be attacked

by special demurrer. 56 *Ga.* 390; 79 *Ga.* 164 (2); 89 *Ga.* 601 (2); 89 *Ga.* 646 (3); 91 *Ga.* 217.

"2. If the petition was good as against the general grounds of the demurrer, was it subject to the special grounds which attacked it because of the alleged lack of sufficient facts or overt acts to support the charge of conspiracy between the three defendants? See, in this connection, *Woodruff* v. *Hughes*, 2 *Ga. App.* 361; 5 Stand. Enc. Proc. 323; 12 Corpus Juris, 629, § 215; 4 Enc. Pl. & Pr. 738; *Van Horn* v. *Van Horn* (N. J. Sup.), 10 L. R. A. 184; *Davis* v. *Johnson* 101 Fed. 952."

*Garrard & Gazan, E. S. Elliott, E. K. Overstreet,* and *M. R. Lufburrow,* for plaintiffs in error. *T. J. Evans,* contra.