14081. NATIONAL BANK OF SAVANNAH *et al. v.* EVANS, receiver.

STEPHENS, J. 1. Where a petition in behalf of the receivers of a bank alleges, that one who as an officer of the bank had made an oral assignment to another of certain assets of the bank for the purpose of securing a past-due indebtedness of the bank to the assignee, which assets consisted of an equity of redemption in certain notes against customers of the bank, which at the time were held by another bank as collateral security for a loan due to it by the first bank, which loan, together with the collaterals held as security therefor, was afterwards, at the instance of the first bank, acquired by the assignee from the other bank for the purpose of facilitating their collection, and further alleges that such oral assignment was made by the officer of the first bank with knowledge of the insolvent condition of the bank and in contemplation of insolvency, and that these facts were also known to the assignee, and also alleges that the assignment was, with the knowledge of both the assignor and the assignee, made illegally and contrary to the by-laws of the bank, and that the assignment was made by virtue of a conspiracy of the assignor and the assignee to convert the assets belonging to the first bank to the security of a past-due indebtedness from the first bank to the assignee, and which assignment inured to the joint benefit of both the assignor and the assignee and to the detriment of all the creditors and stockholders of the first bank, and that the assignee holds and retains the collaterals and thereby converts the same after payment of the indebtedness for which they had been given by the first bank to the second bank, and that the receivers of the first bank are entitled thereto, the petition sets out a cause of action in tort in behalf of the receivers for the benefit of the creditors and stockholders of the first bank. Civil Code (1910), § 2360; *National Bank v. Evans*, 149 *Ga.* 67 (99 S. E. 123); *Woodruff v. Hughes*, 2 *Ga. App.* 361 (58 S. E. 551).

2. Where the petition as originally filed alleged the same tortious act of converting and withholding the securities, and that the same defendants conspired for the same purpose and with the same objects, but that they were joined in the conspiracy by another, who was made a party defendant with them, and that the act of conspiracy consisted, not of an actual assignment, but of a representation and a pretense by them that an oral assignment had been made, the original petition was subject to amendment by striking one of the alleged conspirators as a party defendant and proceeding against the other two, and also by alleging the act of conspiracy as being an actual assignment, instead of a representation and pretense of assignment; and such amendments (which were allowed by the court) did not add a new and distinct cause of action, or new parties.

3. Upon proof of conspiracy the act of one of the conspirators in furtherance of the object of the conspiracy is the act of all, and, it is not necessary, as a condition to the liability of one conspirator, that his acts shall proximately contribute to the resulting injury.

4. Where securities have been deposited with one to secure an advancement made to the depositor, a transfer by the creditor of the securities,

together with the evidence of indebtedness, to a bank for the purpose of collection, or a sale by the creditor to the bank of the evidence of indebtedness, together with its interest in the securities, will not operate to give the bank, after the original indebtedness for which the securities were pledged has been paid, a 'banker's lien upon the securities as against the debtor for a past-due indebtedness due by the debtor to the bank, in the absence of any valid assignment of the securities by the debtor to the bank. Reynes *v.* Dumont, 130 U. S. 354 (9 Sup. Ct. 486, 32 L. ed. 934); Hanover Bank *v.* Suddath, 215 U. S. 122 (30 Sup. Ct. 63, 54 L. ed. 120); National Bank *v.* Insurance Co., 104 U. S. 54 (26 L. ed. 693).

5. The assignee bank having acquired the hypothecated securities belonging to the debtor from the creditor, solely for the purpose of converting them into money and discharging the indebtedness of the debtor to its creditor with which the securities had been originally deposited, the assignee bank, upon collecting out of the securities a sum sufficient to discharge such original indebtedness, had no further interest in the securities, in the absence of any valid assignment of them for any purpose by the debtor, and therefore had no lien thereon for any past-due indebtedness due by the debtor to the assignee bank. This is true notwithstanding a provision in a note from the debtor to the assignee bank (whether executed as evidence of an indebtedness contracted prior to the receipt by the assignee bank of the securities, or whether for an indebtedness contracted afterwards) that such indebtedness is secured by "all collaterals previously pledged," since the debtor, when the collaterals were transferred to and placed with the assignee bank by the original creditor of the debtor, although the latter consented thereto, did not by such consent or otherwise (unless by the alleged invalid oral assignment) transfer to the assignee bank any right or title which the debtor held in and to the securities, and therefore did not pledge the securities for this indebtedness or any other indebtedness, and since the assignee bank by such transaction acquired only the lien thereon held by the original creditor of the debtor to secure the original indebtedness for which the securities were deposited by the debtor with the original creditor.

6. Although the defendant assignee, which was a bank, in holding the securities may have claimed the right so to do by virtue of a so-called banker's lien thereon to secure payment of its note against the first bank, the defendant bank nevertheless was a party, as assignee, to the oral assignment made by the codefendant as an officer of the first bank; and since the defendant bank also claimed title to the securities, by virtue of the oral assignment as well as by virtue of its alleged banker's lien, it was clearly inferable that the act of the defendant bank in withholding the securities from the receivers was a result of the oral assignment and the alleged conspiracy between it and the assignor.

7. Applying the foregoing rulings, it does not appear that the court committed any error as complained of.

8. The evidence authorized the inference that the defendants were joint tort-feasors, and therefore authorized a finding against the plea to the jurisdiction, filed by the defendant bank on the ground of nonresidence.

9. The evidence sustained all the allegations in the petition and authorized the verdict found in favor of the plaintiff against both defendants.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1923.

Complaint; from Jefferson superior court — Judge Hardeman. September 23, 1922.

*George H. Richter,* for plaintiffs in error.

*T. J. Evans, M. C. Barwick, Phillips & Abbot,* contra.