22794. ATLANTA GAS LIGHT COMPANY *v.* HODGES.

Decided June 16, 1933. Rehearing denied July 6, 1933.

160

*Alston, Alston, Foster & Moise, Henry J. Miller,* for plaintiff in error.

BROYLES, C. J. (After stating the foregoing facts.) The case presents two questions: first, did the amendments to the original petition cure the defects in that petition pointed out by those special grounds of demurrer which were sustained by the court, with leave granted the plaintiff to amend her petition? And secondly, was the petition as amended subject to any ground of the demurrer interposed to it?

In our opinion both questions must be resolved adversely to the defendant. The case of *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974), cited by counsel for plaintiff in error, is easily distinguished by its facts from this case. As stated by Mr.

Justice Candler, speaking for the court, in *Watson* v. *Augusta Brewing Co.,* 124 *Ga.* 121, 124 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157), "There [in the *Hudgins* case] the petition was entirely silent as to what constituted the negligence complained of." In the instant case the plaintiff alleged in her amended petition that the defendant was negligent in changing, inspecting, and adjusting the apparatus connecting the flow of gas with her stove. The allegations disclosed what particular part of the stove, to wit, the oven, and what particular part of the oven, to wit, the tips or burners therein, had been changed and adjusted, and what was the specific defect in the new tips or burners as installed and adjusted by the defendant, to wit, the feeding of too much gas into the oven, which caused the gas to explode in the lighted oven when its door was opened and air was admitted in the oven. The petition as amended shows when the apparatus was changed and adjusted; that the changes and adjustments were made voluntarily by the defendant through one of its servants, who collected 65 cents for the additional equipment furnished; that prior to such changes and adjustments the stove had been employed safely and effectively; and that the explosion occurred the first time the oven was used after such changes and adjustments; that neither the plaintiff nor any member of her household had any experience or information about the use of the new appliances, and she was forced to rely upon the defendant for their proper installation, inspection, and adjustment; that the accumulation of too much gas in the oven and the consequent danger of an explosion were unknown to her, and could not have been known by the exercise of ordinary care on her part, but that these things were known to the defendant or should have been so known by the exercise of ordinary diligence on its part. It is true, as stated in the *Hudgins* case, supra, that where a special demurrer *meritoriously* raises the objection "that the allegations are too general, the particulars of the negligence must be set forth;" but, as stated in that case, "of course there are limitations to this rule, and cases arise where the line must be drawn. The plaintiff must not be too general and the defendant must not be too particular." In our opinion the allegations of negligence in the amended petition in the instant case sufficiently specify the alleged negligence of the defendant and the particulars thereof. See, in this connection, *Watson* v. *Augusta Brewing Co.,*

162

supra; *Chisholm* v. *Atlanta Gas Light Co.*, 57 *Ga.* 29; *Christo* v. *Macon Gas Co.*, 18 *Ga. App.* 454 (89 S. E. 532).

The amendments cured the defects in the original petition, and the petition as amended was not subject to any ground of the demurrers interposed.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*