33030.   AMERICAN THREAD COMPANY *v.* ROCHESTER
*et al.*

Decided November 16, 1950.  Rehearing denied December 20, 1950.

*Frank A. Constangy, Neely, Marshall & Greene, James A. Branch, Thomas B. Branch Jr., T. C. Allen,* for plaintiff in error.

*Poole, Pearce & Hall, J. R. Goldthwaite Jr., Don B. Howe,* contra.

MacINTYRE, P. J. ■ "A conspiracy is a combination either to accomplish an unlawful end, or to accomplish a lawful end by unlawful means. *Brown* v. *Jacobs' Pharmacy Co.,* 115 *Ga.* 429 (41 S. E. 553, 57 L. R. A. 547, 90 Am. St. R. 126). It is well settled that, in an action on the case for conspiracy, the conspiracy per se is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover in one action against all as joint tort-feasors. *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551); *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (99 S. E. 123)." *Clein* v. *City of Atlanta,* 164 *Ga.* 529, 534 (139 S. E. 46). All facts alleged in good pleading consist either: (1) of the gist or substance of the pleading, which is that without which no legal ground of complaint can appear however perfect in form the pleading may be—it is the essential ground or subject-matter of the complaint; or (2) of matter of inducement, which is that which is in some respect explanatory of the essential ground or of the manner in which it originated or took place; or (3) of matter of aggravation. Whatever else is stated in any part of the pleading is but surplusage; for what is termed form in pleading constitutes no distinct matter, but simply is the manner in which the matter is pleaded.

■

Will's Gould, a Treatise on the Principles of Pleading, p. 196. The recitations in paragraphs 6 to 16, inclusive, are merely introductory and are made by way of inducement leading up to the tort alleged later in the petition, which is the gist of the cause of action. Less certainty is required in setting out matters of inducement than in setting out the gist of the action. *Woodruff* v. *Hughes*, 2 *Ga. App.* 361, 365 (58 S. E. 551). Paragraphs 17 to 35, inclusive, undertake to set forth the tort which is the gist of the complaint, and to set forth the damages done thereby wrongfully; and paragraphs 36 to 38, inclusive, allege a conspiracy between American Thread Company, Elzie Teal, and Durwood Teal and thereby connect the assault and battery, the tort, with the defendant corporation. The tort, the assault and battery, being the gist of the action or complaint, the act or acts of the actual perpetrators of the assault and battery causing such damage are required to be set forth with particularity; and we do not understand that any objection is made on this score by the defendant corporation, nor do we think that such an objection, if made, would be good under the allegations of the petition upon this point. As we understand it, one of the objections to the petition is that, after paragraphs 36 and 37 had been amended in view of the special demurrers of the defendant corporation, the petition still did not set out the name or names of the agent or agents of the corporation who had advised, persuaded, and counseled the Teals to commit the wrong; and still did not show the connection between such agent or agents and the defendant corporation, or otherwise sufficiently describe or identify such agent or agents.

With the amending portion appearing in parentheses, paragraph 36, as amended, reads as follows: "The American Thread Company, acting through advice, counsel, and persuasion, did procure the said Elzie Teal and Durwood Teal to commit the wrong herein set out. (The names of the persons alleged to have advised, counseled, and persuaded Elzie Teal and Durwood Teal to commit the said wrong are unknown to your plaintiff but are well known to defendants. The dates when this advice, counsel, and persuasion took place are not known to your plaintiff but are well known to your defendants. These facts, that is the names and dates, are peculiarly within the knowledge of the de-

fendants.)" With the amending portion appearing in parentheses, paragraph 37 as amended, reads as follows: "That the actions herein set out are a part of a joint plan and conspiracy between the American Thread Company and the said Elzie Teal and the said Durwood Teal to suppress, by intimidation, fear, force, and violence, the dissemination of information, as hereinabove set out, and all of the acts herein set out were done as a result of the said plan and conspiracy. (The names of the persons who acted for [through whom] the American Thread Company [acted] in entering into the joint plan or conspiracy and the times when such joint plan or conspiracy was entered into are not known to plaintiff but are well known to defendants. These facts are peculiarly within the knowledge of defendants.)

After these amendments were made, the defendant corporation demurred generally to the petition also, which it had not previously done, and insisted upon its special demurrers.

The gist of the action, the tort, the assault and battery by Elzie and Durwood Teal upon the plaintiff's wife, having been charged with sufficient particularity, both as to time and otherwise, the next question which arises is, are the allegations of the petition sufficient to withstand these demurrers of the defendant corporation? The conspiracy is not the gist of the cause of action, and the pleading of the conspiracy is only for the purpose of aggravating the wrong and joining in one action the persons who may have conspired but did not personally participate in the acts causing the damage. *Nat. Bank of Savannah* v. *Evans,* supra.

"The law recognizes the intrinsic difficulty of proving a conspiracy. The allegations with reference to conspiracy are treated as matters of inducement leading up to a more particular description of the acts from which the conspiracy may be inferred. . . Less certainty is required in setting out matters of inducement than in setting out the gist of the action. . . The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances. The rule is to allow great latitude in setting out in the complaint the particular act upon which the conspiracy is to be inferred, and even to allow individual acts of the conspirators to be averred. 'To show con-

spiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. 'It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. And any one, after a conspiracy is formed, who knows of its existence and purposes and joins therein, becomes as much a party thereto . . as if he had been an original member.' 1 Eddy on Comb. § 368." *Woodruff* v. *Hughes,* supra. "But when a corporation is a party [to a suit], the only proper mode of describing it [is] by its corporate name . . this being the only name or description, by which a body politic is known in law. For the law takes no notice of the individual members of a corporation, as such, except when the individual right of a corporator is the subject in question." Will's Gould, *Ibid.*, p. 242.

Where the defendants, Elzie and Durwood Teal, the actual perpetrators of the assault and battery, as well as the defendant corporation, are sought to be held responsible, to prove the combination and united action on their part, the allegation of the conspiracy is a convenient and proper mode of alleging such combination and action. "In a case for civil damages caused by conspiracy, the plaintiff, in order to connect any persons with the tort may invoke either the rule of respondeat superior or the rule which makes each conspirator the agent and spokesman of all in the unlawful enterprise." 11 Am. Jur. 585, § 55. A corporation must necessarily act by its agents, and when it is alleged that a corporation is responsible for certain acts which it did by its agents, it stands upon no better footing than would an individual when it is alleged that the individual is responsi-the tort may invoke either the rule of respondeat superior or the has an equally good opportunity to know whether it did or did not know facts alleged to have come within its knowledge, and therefore is prepared to meet such an allegation with all the evidence at its command. *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551, 565 (36 S. E. 859). The plaintiff here, in

order to connect the defendant Thread Company with the tort is not invoking the rule of respondeat superior, but is invoking the rule which makes each conspirator the agent and spokesman of all in the unlawful enterprise. A corporation can act only by its agents, yet for such acts it is responsible, and a simple direct statement that it committed a tortious act by the agent makes the corporation responsible. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d, 559). The pleader here is alleging that the corporation itself committed the act by and through its agent or agents and applies the rule of conspiracy law which makes each conspirator, whether an individual or a corporation, the agent and spokesman of all in the unlawful enterprise. However, the defendant corporation contends that even so, on a special demurrer calling for the names of the agents, the agents must be named upon pain of dismissal of the petition.

The defendant relies strongly on *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (1-3) (50 S. E. 974), *Savage* v. *Western Union Telegraph Co.*, 198 *Ga.* 728 (32 S. E. 2d, 785), and *Williams* v. *Porter*, 202 *Ga.* 113 (42 S. E. 2d, 475). In the case of *Seaboard Air-Line Ry.* v. *Pierce*, 120 *Ga.* 230 (2) (47 S. E. 581), the Supreme Court stated: "But a petition containing only such general allegations of negligence was not sufficient to withstand a special demurrer setting up that it failed to set forth any specific acts of negligence"; and that court reversed the trial court for failing, on special demurrer, to require such allegations. In the *Hudgins* case, supra, the Supreme Court stated: "In an action founded upon negligence, mere general averments of negligence are sufficient as against a general demurrer; but when a special demurrer is filed raising the objection that the allegations are too general, the particulars of the negligence must be set forth. A plaintiff in an action founded upon negligence is confined to proof of the acts of negligence alleged in his petition, or which constitute the res gestae. A specification of the particulars of the negligence relied upon can not be avoided by an allegation that the plaintiff has been unable to ascertain the particular acts of negligence causing the injury, and that on account of the manner in which the injury was inflicted they were more peculiarly within the knowledge of the defendant than of

the plaintiff." In *Cherokee Mills* v. *Gate City Cotton Mills*, 122 *Ga.* 268 (50 S. E. 82), which involved a suit on a contract, the Supreme Court stated: "When a plaintiff corporation alleges dealings between its officers and the officers of the defendant corporation, but fails to give the names of the officers referred to, it is the right of the defendant by appropriate special demurrer to call on the plaintiff to do so." However, it might be especially noted that, when the *Pierce* case made its second appearance in the Supreme Court (*Pierce* v. *Seaboard Air-Line Ry.*, 122 *Ga.* 664 (2), 50 S. E. 468), that court stated: "A petition by a widow against a railroad company for the homicide of her husband, who had been an employee of the defendant, which set forth the time when, the place at which, and the circumstances under which the homicide occurred, and alleged that it was the result of the negligence of the officers, agents, and servants of the defendant, was not subject to a special demurrer raising the objection that the names of such officers, agents, and servants, were not set forth in the petition." In the body of the decision in that case, the court differentiated it from the *Cherokee Mills* case, supra, stating that the *Cherokee Mills* case was a suit for the breach of a contract, and that "the plaintiff alleged [in the *Cherokee Mills* case] in one paragraph of the petition that the negotiations were conducted 'through its proper officers'; and in another paragraph, which claimed attorney's fees on account of bad faith, it was averred that the plaintiff had approached the defendant company, 'through its proper officers, to make good said contract' "; and "It was held that a special demurrer, alleging that the petition did not set forth the names of the officers referred to, was well taken, and that it was neither unreasonable nor a hardship upon the plaintiff to give the names of its own officers, and the names of the officers of the defendant company with whom its officers had dealt. In such a case this information was equally within the knowledge of both parties, if any transaction took place. The ruling, so far as it relates to the officers of the plaintiff company, is directly in line with the ruling now made, and that part of the decision which required the plaintiff to set forth the names of the defendant's officers with whom it dealt is not at all in conflict with the present ruling. If a transaction actually took place between

the officers of the two companies, the names of the officers of the defendant were equally within the knowledge of both parties. If no such transaction took place, the names of the officers with whom the transaction was claimed to have taken place was more within the knowledge of the plaintiff than of the defendant, and the defendant was entitled to know the names of such officers."

The instant case comes within the rule announced in the *Pierce* case on its second appearance in the Supreme Court (122 *Ga.* 664, supra) ; and the *Hudgins* case comes within the rule announced in the *Pierce* case on its first appearance in the Supreme Court (120 *Ga.* 230, supra). See, in this connection, the *Cherokee Mills* case, supra.

It seems to us that the *Savage* and the *Williams* cases, supra, come within the rule announced in the *Cherokee Mills* case; and, if so, they are differentiated from the instant case for the same reason that the *Pierce* case on its second appearance in the Supreme Court is differentiated from the *Cherokee Mills* case. In short, we think that the instant case is governed by the rule in the *Pierce* case on its second appearance in the Supreme Court, and that the rules in the *Hudgins,* the *Cherokee Mills,* the *Savage,* and the *Williams* cases are not applicable to the case sub judice in view of the amendments made to paragraphs 36 and 37.

The defendant also relies on *Liberty Mutual Insurance Co.* v. *Lipscomb,* 56 *Ga. App.* 15 (192 S. E. 56). In that case there was no allegation except that the corporation conspired, and it was held that, in the absence of a proper amendment, the paragraph referred to should have been stricken on special demurrer, whereas here there was an amendment which differentiated this case from that. It also appeared in that case that the person alleged to have acted for the insurance company was without authority to do so. Where the defendant corporation is in a better position than the plaintiff to determine who acted in its behalf, and the plaintiff alleges that he does not know the name of the agent and has no means of obtaining the information, and where the time, place, and all the circumstances of the occurrence which brought about the alleged injury are stated with great particularity, it should be an easy matter for the defendant corporation to ascertain the names of the agents who were responsible, if responsibility existed, or were blameless if the

charge was unfounded, and we do not think that the failure to allege the name of the agent is sufficient to dismiss the petition on special demurrer. *Pierce* v. *S. A. L. Ry. Co.*, 122 *Ga.* 664, 669. Where, as here, the defendant corporation is sought to be held responsible, along with the other defendants, Elzie and Durwood Teal, the actual perpetrators of the assault and battery upon the plaintiff's wife, the allegation of conspiracy is a convenient and proper mode of alleging such combination and action in order to prove the combination and united action of the corporation with the other defendants. "In an action on the case for conspiracy, the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover in one action against all as joint tort-feasors." *National Bank of Savannah* v. *Evans*, 149 *Ga.* 67 (1) (99 S. E. 123). It is not sought here to allege the conspiracy as the gist of the cause of action, and the statement of the conspiracy is only for the purpose of aggravating the damages and of joining the defendants who may have conspired and yet have not personally participated in the act done. *Woodruff* v. *Hughes*, 2 *Ga. App.* 361, 367 (58 S. E. 551).

Paragraphs 36 and 37 as amended and paragraph 38 contain the simple direct statement in the nature of an express general averment of the fact connecting the assault and battery with the defendant corporation. So far as a conspiracy is concerned, no further specification is required than the general terms in which it is pleaded in the petition. *National Bank of Savannah* v. *Evans*, supra (headnote 2); *Woodruff* v. *Hughes*, supra; *National Bank of Savannah* v. *Evans*, 23 *Ga. App.* 736 (99 S. E. 393); Levitan *v.* Norfolk National Bank, 168 Va. 604 (177 S. E. 205); Barnard Bus Lines *v.* Weeks, 156 Va. 465 (158 S. E. 870); *South Georgia Power Co.* v. *Beavers*, 39 *Ga. App.* 374 (1) (146 S. E. 924); *Holbert* v. *Allred*, 24 *Ga. App.* 727 (2) (102 S. E. 192); *Beebe* v. *Smith*, 76 *Ga. App.* 391 (46 S. E. 2d, 212); *Spalding Construction Co.* v. *Simon*, 36 *Ga. App.* 723 (137 S. E. 901); *Allen* v. *Allen*, 196 *Ga.* 736 (27 S. E. 2d, 644); *Coffee* v. *South Ga. Farmers Fire Ins. Assn.*, 29 *Ga. App.* 685 (2) (116 S. E. 653); *Atlanta Trust Co.* v. *National Bondholders Corp.*, 188 *Ga.* 761 (4 S. E. 2d, 644); Gardner *v.* Preston, 2 Day

(Conn.) 205, 209 (2 Am. D. 91, 93); Ratcliffe v. Walker, 117 Va. 569 (85 S. E. 575).

The petition as amended is exempt from the special demurrers urged against it. Reasonable definiteness and certainty is all that should be required to exempt it from special demurrer. *Hobbs* v. *Holliman*, 74 *Ga. App.* 735, 739 (41 S. E. 2d, 332); *Pierce* v. *S. A. L. Ry. Co.*, 122 *Ga.* 664, 669 (50 S. E. 468). The facts of each of the following cases differentiate them from the instant case: *Weems* v. *Albert Pick & Co.*, 33 *Ga. App.* 579, 580 (127 S. E. 819); *Bates* v. *Southern Ry. Co.*, 52 *Ga. App.* 576 (183 S. E. 819); *Stewart* v. *Peerless Furniture Co.*, 70 *Ga. App.* 236 (3) (28 S. E. 2d, 396); *Norris* v. *Hart*, 74 *Ga. App.* 444, 445 (40 S. E. 2d, 96). The court did not err in overruling either of the special demurrers.

From what has been said in the foregoing discussion on the rulings on the special demurrers, it is apparent that the petition was not subject to the defendant corporation's general demurrer.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*