42455. NORBO TRADING CORPORATION v. RESOLUTE INSURANCE COMPANY et al.

ARGUED JANUARY 3, 1967—DECIDED MARCH 10, 1967— REHEARING DENIED MARCH 29, 1967—

498

*John R. Calhoun,* for appellant.

*Joseph B. Bergen, Converse Bright, Edenfield, Heyman &
Sizemore, Newell Edenfield, Joseph Lefkoff,* for appellees.

FELTON, Chief Judge. 1. It seems too plain, without elaborate discussion, that the petition sets forth an action in tort, wherein punitive damages are also sought, based on the acts of the several defendants which are alleged to have been wilfully committed for the purpose of violating the plaintiff's rights and doing injury to it as alleged. The defendants owed the plaintiff the duty not to injure it in the ways alleged in the petition, with one exception and that is the act of Jerome Wohlmuth, alleged in Paragraph 17 of the petition, in converting $13,000 of plaintiff's money to his own use. In so doing he could not have been acting for the plaintiff or any of the de-

fendants. The petition does not show on its face that the handling of the fourth ship purchased by plaintiff was included in the power of attorney shown in the petition. Whether or not the defendant insurance company did authorize the issuance of the bonds, the insurance company had no right to commit the unlawful acts alleged in the petition against the plaintiff. As to the dual agency of some of the defendants, the petition does not show on its face that the fact of the dual agencies was not known to and assented to by the principals involved so the allegations must be construed in the light of whether the agents were acting in good faith as to both principals. Under the allegations they were not, but were acting in bad faith insofar as their fidelity to the plaintiff was concerned. As to the consent decree, authorizing the exercise of the power of attorney by Wohlmuth, the plaintiff was bound only by its proper and faithful exercise and not by unauthorized and unlawful exercise as alleged in the petition. We cannot agree with appellees' interpretation of some parts of the petition which interpretations, in our opinion, are shown to be incorrect by plain and unambiguous allegations of the petition. We think that the allegations of the wrongful and illegal acts of each and all of the defendants are sufficiently alleged to withstand the general demurrer as well as the allegations of conspiracy between the defendants. *Young v. Wilson,* 183 Ga. 59 (2g) (187 SE 44); *National Bank of Savannah v. Evans,* 149 Ga. 67 (99 SE 123). Cases cited by appellees are distinguishable on their facts. The court erred in sustaining the demurrer to the petition.

*Judgment reversed. Hall, J., concurs. Eberhardt, J., concurs in the judgment.*