### 43464. NORBO TRADING CORPORATION v. WOHLMUTH.

HALL, Judge. The defendant in this case appeals from a judgment sustaining plaintiff's general demurrer and dismissing his counterclaim.

In *Norbo Trading Corp. v. Resolute Ins. Co.*, 115 Ga. App. 490 (154 SE2d 704), this court held that "the allegations of the

wrongful and illegal acts of each and all of the defendants . . . as well as the allegations of conspiracy between the defendants" stated a cause of action. The defendants in that case were Resolute Insurance Company, Joseph B. Bergen, Charles Liek, and Southeastern Ship Salvage Corporation. It was alleged that Jerome Wohlmuth and Joseph Bergen were agents of Resolute through which that defendant committed alleged torts to Norbo's property and destroyed its business. The present action is by Norbo Trading Corporation (hereinafter called Norbo) against Jerome Wohlmuth. (It was filed as a counterclaim to an action brought by Wohlmuth against Norbo, which has now been dismissed.) We have compared the petition against Resolute et al. with the action against Wohlmuth paragraph by paragraph and find the alleged facts and wrongful acts attributed to Wohlmuth and Bergen in the action against Wohlmuth identical in substance with those in the action against Resolute. The allegations showing participation by Resolute's co-defendants other than Bergen are omitted in the action against Wohlmuth. And in the action against Wohlmuth, as in the action against Resolute, it is alleged that Wohlmuth and Bergen in their wrongful acts were agents of and acting in behalf of Resolute, and that they took over Norbo's business and wilfully and wrongfully put Norbo out of business and caused it great loss and damage. In the petition considered by this court in *Norbo Trading Corp. v. Resolute Ins. Co.*, supra, the principal, Resolute, was sued on the theory of respondeat superior for alleged torts of Wohlmuth and others. The counterclaim considered in this appeal differs in that Wohlmuth is sued individually for the same torts which he allegedly committed while acting as Resolute's agent and with Bergen.

Since substantially the same allegations against the principal were held sufficient to withstand the general demurrer, they are sufficient against the agent.

The trial court erred in sustaining the general demurrer and dismissing the counterclaim.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 6, 1968—DECIDED MARCH 15, 1968.

*John R. Calhoun,* for appellant.
*Joseph B. Bergen,* for appellee.