CASE 60—PETITION ORDINARY—October 1.

# Field v. Colson.

APPEAL FROM LESLIE COURT OF COMMON PLEAS.

SLANDER—SPECIAL DAMAGE.—Words charging one with having accepted a bribe to abandon a contest for an office are not actionable, although coupled with an averment of special damage. But even if actionable by averring special damage, an averment that the plaintiff, by reason of the slander, was defeated in a race for the Legislature, and lost the emoluments of the office, is not sufficient, as the damage alleged is too remote, uncertain and speculative.

JOHN L. SCOTT FOR APPELLANT.

1. The case submitted to the jury by the instructions is not the case made by the pleadings. The petition does not allege plaintiff's defeat for the Legislature as a cause of action, but the allegation is that the slanders complained were uttered "for the purpose of destroying his character."

2. The answer contains no such denial of the utterance of the slanderous words as the Code requires. (Civil Code, sec. 95.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant was making a race for the Legislature against one Howard, and during the canvass abandoned the contest. After this he became a candidate again for the same office and his opponent was one Colson. The brother of Colson (Gillis Colson), the appellee in the present case, being an active partisan of his brother, spoke and published, as the petition claimed, slanderous and defamatory words of the appellant, viz.: that he, the plaintiff (meaning Field), in the former contest with Howard, took a bribe of three hundred dollars from Howard to quit the track, and in consequence thereof he, the plaintiff, was defeated in the race for the Legislature by Colson, lost the emoluments of the office and was brought into bad repute with his neighbors and his character much

injured.   On the trial, an issue being formed, there was a
verdict for the defendant.   The jury was told in an
instruction that if the words were maliciously spoken of
the plaintiff and published by defendant, and by reason
thereof the plaintiff was defeated for the Legislature, they
may find for the plaintiff the damages he sustained by the
loss of said office, not exceeding the amount claimed.   The
defendant says this instruction was erroneous, because he
was seeking to recover for the stain upon his moral char-
acter and not for the loss of the office for which he was a
candidate.

The plaintiff had no cause of action.   The words
charged did not, if true, constitute an indictable offense,
nor were they spoken of him in the way of his office,
profession or trade, unless his candidacy can be so regarded;
and even if actionable by averring special damage, the
damage alleged is too remote, uncertain and speculative.
The plaintiff held neither an office of trust nor confidence;
and while the words said to have been spoken might affect
to some extent his moral standing, to say that one candi-
date gave another three hundred dollars to abandon the
race are not actionable, coupled with the averment of
special damage.   It is true that words spoken of another
that would necessarily result in the loss of some future
benefit or advantage to the party injured may, with the
averment of the special damage, present a cause of action;
but we do not think such a state of case is presented here,
and if the petition is good it clearly appears from the
testimony that no such special damage resulted from the
language used.   So, on the issue of fact there being no
demurrer to the petition, the judgment was properly ren-
dered for the defendant.

Judgment affirmed.