### EX PARTE J. J. HINSON.

No. 2716. Decided June 24, 1904.

**City Ordinance.**
A conviction for a State offense by the city court of the city of Corsicana under its charter provisions is without jurisdiction and void. Following, Ex parte Anderson, 81 S. W. Rep., 973. Brooks, J., dissenting.

From Navarro County.

Original application for habeas corpus for release from a commitment for conviction of a State offense in the city court of the city of Corsicana, and a conviction in the county court upon appeal.

The opinion states the case.

*J. W. Scott* and *Ballew & Wheeler,* for relator.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Relator was convicted in the city court of Coriscana of the offense of vagrancy, the same being a State offense. He prosecuted an appeal to the county court, and on trial de novo was again convicted. From that conviction he sued out a writ of habeas corpus. He insists that the judgment of the lower court should be set aside, and that he be discharged on several grounds, but in our opinion it is only necessary to notice one, that is, the want of jurisdiction in the city court of Corsicana to try him for a State offense. We have heretofore held that the city court of Corsicana not being constituted and organized under the corporation court act, under its charter provisions it was only a municipal court with jurisdiction of municipal offense. Ex parte Anderson, decided June 15, 1904, citing Sibley's case, 65 S. W. Rep., 372; and Ex parte Fagg, 38 Texas Crim. Rep., 573. Of course, if the city court did not have jurisdiction of the case, the appeal to the county court would not clothe that court with jurisdiction. The relator is accordingly discharged.

*Relator discharged.*

BROOKS, JUDGE.—I dissent.