9386. NATIONAL BANK OF SAVANNAH *et al. v.* EVANS
*et al.,* receivers.

"1. In an action on the case for conspiracy, the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover in one action against all as joint tort-feasors. *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551); Van Horn *v.* Van Horn, 56 N. J. L. 318 (28 Atl. 669); s. c. 52 N. J. L. 284 (28 Atl. 485, 10 L.

R. A. 184); Parker *v.* Huntington, 2 Gray (Mass.), 124; 8 Cyc. 673.

"2. Accordingly, a petition which alleged that three named persons, at a time stated, 'entered into a conspiracy for the purpose' of wrongfully withholding from the plaintiff certain commercial securities 'and for the purpose of converting them [the securities] to the joint use and benefit of the said' named persons; that the said defendants 'in furtherance of said conspiracy' did withhold the described securities from the plaintiff, and on a day named did convert the same 'to their own joint use and benefit,' " to the loss and injury of the plaintiff in a sum alleged as the actual value of the securities on the date of their conversion, sufficiently set forth a conspiracy as against general demurrer. Nor was such petition subject to special demurrer which attacked it because of the alleged lack of sufficient facts or overt acts to support a charge of conspiracy between the three defendants.

" (*a*) So far as the conspiracy is concerned, no further specification is required than the general terms in which it is pleaded in the declaration; and this is true although the jurisdiction of the court to render judgment against one or more of the defendants depends upon allegations and proof of conspiracy." 149 *Ga.* (99 S. E. 123).

3. The petition was good as against the general grounds of the demurrers, and as against the special grounds thereof which attacked it because of the alleged lack of sufficient facts or overt acts to support a charge of conspiracy between the three defendants.

4. The petition showed that the superior court of Screven county had jurisdiction of all the defendants.

5. The petition was subject to some of the special grounds of the demurrers, and the court erred in overruling those grounds.

DECIDED MAY 16, 1919.

Action for damages; from Screven superior court—Judge Hardeman. November 19, 1917.

*Garrard & Gazan, E. S. Elliott, E. K. Overstreet, M. R. Lufburrow,* for plaintiff in error.

*T. J. Evans,* contra.

BROYLES, P. J. This was a suit brought to the superior court of Screven county by the receivers of the Citizens & Screven County Bank against the National Bank of Savannah, J. E. Jaudon, and W. J. Walker. According to the petition Walker was a resident of Screven county, while the other two defendants were residents of Chatham county. The petition charged that the three defendants had conspired to, and actually did, in pursuance of such conspiracy, withhold from the plaintiffs certain collateral notes and other securities which had previously been fraudulently pledged by the Citizens & Screven County Bank to the National Bank of Savannah to secure an antecedent indebtedness of the former bank to the latter bank. Separate demurrers, substantially

47

identical, containing both general and special grounds, were interposed by the defendants, and were overruled, and the defendants excepted.

1-3. The question as to whether the alleged conspiracy of the defendants was sufficiently set out in the petition to enable the petition to withstand a general and special demurrer was certified by this court to the Supreme Court, and the 1st and 2d headnotes contain the affirmative answer of the Supreme Court.

4-5. The petition, properly construed as a whole, does not allege that the National Bank of Savannah alone converted the property in October, 1915, or at any other time, but alleges that the bank, jointly with the other two defendants, converted it to their joint use on or about November 27, 1915. On the subject of the alleged conspiracy the petition is not defective because it avers that the National Bank of Savannah had possession of the securities at the time of the appointment of the receivers and fails to allege that the securities were transferred to the other two defendants. If there was a conspiracy as alleged, the act of the bank in withholding the securities was also the act of the other two defendants. It was not necessary for all three of the defendants to have actual *physical* possession of the securities, or for all three to actually *physically* withhold them from the receivers. The act of one was the act of all. The petition was not demurrable because it alleged a refusal on the part of the National Bank of Savannah to turn over the securities to the receivers and failed to allege a like refusal on the part of the other defendants. If the securities had been converted as alleged, it was unnecessary to show a demand upon, and a refusal of, any one of the defendants. Accordingly, the allegations as to the refusal of the bank (after a demand) to turn over the securities should have been treated as mere surplusage. Under the preceding rulings the superior court of Screven county had jurisdiction of all the defendants.

The petition was, however, subject to the special ground of the demurrers which set up a misjoinder of actions, since the plaintiff sought a recovery in a single count upon two contradictory theories, to wit: (1) because the defendants had converted the securities; and (2) because, after the conversion had occured, the securities depreciated in value on account of the negligent handling

of the same by the defendants. If the securities were thus converted, the defendants became immediately liable for their full value; and the alleged subsequent depreciation in value was immaterial, and the claim therefor was inconsistent with the theory of conversion. The court should have sustained this ground of the demurrers and have ordered the plaintiffs to strike one of the two conflicting claims from the petition, or to put them in separate counts. Moreover, the 19th and 20th paragraphs of the petition, which set up the claim for the negligent handling of the securities, were also subject to the special grounds of the demurrers as set forth in the 15th and 16th paragraphs thereof. The petition was also subject to the special ground of the demurrers which pointed out that it was not stated in the petition when the Citizens & Screven County Bank was placed in the hands of the receivers. With the exceptions stated, the petition was not subject to any of the special grounds of the demurrers. The court having overruled all of the grounds of the demurrers, both general and special, and the petition being subject to some of the special grounds, the judgment is

<em>Reversed. Bloodworth and Stephens, JJ., concur.</em>