*R. R. Jackson, T. L. Lanford,* for plaintiff.
*E. M. Habersham, W. I. Heyward,* contra.

---

### 15449.   REEVES *v.* MAYNARD *et al.*

BELL, J.  1.  "Accurately speaking, there is no such a thing as a civil action for conspiracy.  There is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone. While the crime of conspiracy may be committed without doing any overt act in pursuance of the combination, no civil liability is incurred for the conspiracy, but only for the overt acts of the conspirators." 5 R. C. L. 1901, § 41.  "Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action.  The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done." *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (1) (58 S. E. 551); *Wall* v. *Seaboard Air-Line Ry.,* 18 *Ga. App.* 457 (2) (89 S. E. 533); *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (99 S. E. 123); s. c. 23 *Ga. App.* 736 (99 S. E. 393).

2. A complaint for tortious acts committed in pursuance of a conspiracy, as in other tort actions, must show both damage and causal connection between the wrong and the injury.  12 C. J. 631; 1 Sutherland on Damages, §§ 30, 33.  "The most generally accepted theory of causation is that of natural and probable consequences." *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906).  Although the damages claimed may be traceable to the original act, if they are not themselves legal or material consequences they are too remote to be recovered.  Civil Code (1910), §§ 4509, 4510.

3. A corporation being an entity apart from its stockholders and officers, and its credit, or commercial good name, being, in a legal sense, likewise separate and distinct from theirs, acts alleged to have been done by two officers of a private trading corporation and others, such as the misapplication and misappropriation of its credit and assets, in pursuance of a conspiracy to wreck the company's business and thereby to upbuild the business and assets of a rival concern which some of the conspirators had organized, and alleged to have had the intended effect, could not be said to have resulted in injury to the plaintiff's credit and standing in the commercial world merely because he was a stockholder in and the presi-

dent of the company whose financial ruin was the aim and accomplishment of the unlawful combination. Such is the effect of the plaintiff's petition in this case, construing it most strongly against him, as must be donè on demurrer; thus, irrespective of whether the petition was otherwise fatally defective, the court did not err in sustaining the general demurrers severally interposed thereto. Compare *Brown* v. *Bass*, 132 *Ga.* 41 (1) (63 S. E. 788) ; *Bethune* v. *Wells*, 94 *Ga.* 486 (21 S. E. 230) ; *McAfee* v. *Zettler*, 103 *Ga.* 579 (1) (30 S. E. 268) ; *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (5) (24 S. E. 755).

          *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

                  DECIDED MAY 17, 1924.

Action for damages; from Upson superior court—Judge Searcy. February 11, 1924.

Application for certiorari was denied by the Supreme Court.

*Lawton Nalley, Claude Worrill,* for plaintiff.

*J. R. Davis, W. Y. Allen, E. W. Maynard,* for defendants.