### FERGUSON v. WASHBURN et al.
### (No. 9099.)

Court of Civil Appeals of Texas. Galveston. Feb. 2, 1928.

Rehearing Denied March 22, 1928.

1. **Limitation of actions ⚙️30—Two-year limitation statute held applicable to cause of action for conspiracy in defeating plaintiff for renomination and re-election to office (Rev. St. 1925, art. 5526, subds. I and 6; art. 5524).**

Statute of limitation provided by Rev. St. 1925, art. 5526, either subdivision 1 or 6, and not article 5524, *held* applicable to cause of action for defendants' having conspired to, defeat plaintiff for renomination and re-election to public office, where plaintiff expressly disclaimed that action was founded on libel, slander or malicious prosecution, but alleged that it was founded on his being deprived of salary of office for two years for which he would have been elected, and for expenses he was forced to incur in defending himself against defendants' actions.

2. **Appeal and error ⚙️742(2)—Objections to appellant's propositions submitted as being applicable to enumerated group of error assignments, where assignments severally dealt with as many distinct matters as there were numbers of them, was sustained on appeal (Court of Civil Appeals Rule 30).**

Objections to consideration of appellant's propositions upon the ground that each was submitted as being applicable to enumerated group of assignments of error, when in fact the assignments so put together severally dealt with as many separate and distinct matters as there were numbers of them, was, under Court of Civil Appeals Rule 30, sustained by such court on appeal.

3. **Appeal and error ⚙️737—Where assignment complained singly of court's sustaining special exceptions I, 2, etc., to petition, finding any exception good required finding against assignment.**

Where an assignment of error complained singly of court's having sustained special exceptions 1, 2, 5, etc., enumerating them, to the petition, court's finding that any of the exceptions was good required its finding against the assignment.

4. **Pleading ⚙️8(20)—Petition's allegations defendants' acts caused plaintiff to pay attorneys' fees held subject to exception, where not specifying acts.**

In suit for damages for conspiracy, which plaintiff alleged resulted in his defeat for re-

nomination and re-election to public office, allegations of petition that defendants' acts caused plaintiff to pay out attorneys' fees *held* subject to exception, where not specifying defendants' acts which made necessary the payment of such fees.

5. **Pleading ⚙️18—In damage suit for conspiracy to defeat plaintiff for office, blanket allegations that defendants made damaging statements held subject to exception as indefinite.**

In suit for damages for conspiracy to defeat plaintiff for renomination and re-election to public office, a blanket allegation in petition that defendants had made damaging statements, without such allegations specifying by whom, when, and where such statements were made, *held* subject to exception as being indefinite.

6. **Conspiracy ⚙️19—Plaintiff alleging monetary damages from conspiracy to preclude election to office had burden of proof.**

Plaintiff alleging monetary damages from defendants' conspiracy to preclude his renomination and re-election to public office had burden of proof.

7. **Conspiracy ⚙️20—Loss of election to office held too remote and speculative to permit recovery of damages for loss of emoluments.**

In suit for damages, alleging defendants' conspiracy resulting in plaintiff's defeat for renomination and re-election to public office, *held* that election to office and consequent damages were too remote and speculative to authorize court's granting, as damages, the emoluments of the office.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by C. Bruce Ferguson against H. L. Washburn and others. Judgment for defendants, and plaintiff appeals. Affirmed.

R. L. Henry, of Houston, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for appellees Washburn and others.

Fulbright, Crooker & Freeman, of Houston, for appellees Lilley and others.

GRAVES, J. In this action, under express disclaimer that it was in any respect founded upon libel, slander, or malicious prosecution, appellant sought $50,000 actual, special damages of the appellees, $40,000 of it for causing his defeat for re-election to the office of tax collector of Harris County for 1925–26, thereby depriving him of its revenues of $20,000 for each year, and the remaining $10,000 for forcing him to incur in defending himself against their actions certain items of expense for attorney's fees, clerical hire, office expense, printing, etc.; his brief in this court thus in substance, epitomizing the grounds upon which his cause of action was based:

"Appellant set forth that all the appellees sought to injure him in his official capacity as tax collector of Harris county, Tex., and as a candidate for re-election and in his individual

---

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

capacity, by entering into a conspiracy and acting jointly and severally against him for the purposes above specified.

"Appellant did not bring this suit as an action based upon libel or slander or malicious prosecution, but upon the basis of facts as set forth in his third amended original petition, charging and showing that his fundamental rights as a citizen had been violated and interfered with and that he had been thus injured in a pecuniary way, his reputation had been injured, and his business as a private citizen and as an official had been injured and destroyed. * * *

"Appellant claimed that by the conspiracy and the joint and several actions of appellees he was defeated for renomination and re-election as tax collector of Harris county, Tex., and was forced to incur certain items of expense, which he set forth as special damages."

The appellees, in different groups, filed answers, severally presenting among their defenses, according as appropriate to their different attitudes, demurrers and denials, special exceptions, pleas of limitation, absence of malice or ill will, good faith, and of privileged matter.

The trial court heard the cause upon the general demurrer and special exceptions to the trial petition, overruling the former, but sustaining a number of the latter, and, upon the appellant's refusal to further amend, dismissing his suit in its entirety; so that the appeal comes here upon a challenge of that adverse action.

[1] One of the special exceptions sustained was that of the appellees Houston and Lilley, who were made parties to the suit more than two years after all the complained-of acts were alleged to have occurred, interposing the 2-year statute of limitation (R. S. art. 5526) in bar of the action as against them.

Under appellant's above-quoted statement of the character of his suit, this action was clearly correct, the 2-year statute of limitation applying to it rather than the four-year one, as he contends; having himself expressly taken his cause of action out of the purview of the one-year period applying to actions for malicious prosecution, libel, or slander (R. S. art. 5524), he plainly left it as one either "of trespass for injury done to the estate or the property of another," or as one "for injury done to the person of another," hence necessarily falling within article 5526 and under subdivisions 1 or 6 thereof, according to whether it be regarded as for injury to his property or his person, since it must be one or the other (Cyc. vol. 58, p. 994; Bear Bros. & Hirsch v. Marx & Kempner, 63 Tex. 298; Railway Co. v. McAnulty, 7 Tex. Civ. App. 321, 26 S. W. 414; Davies v. Railway Co., 62 Tex. Civ. App. 599, 133 S. W. 297).

The leading case cited by appellant in his contention for the application of the four-year statute (Brown v. Mortgage Co., 97 Tex. 599, 80 S. W. 987, 67 L. R. A. 195), which will be discussed in other respects, infra, does not hold otherwise, but simply that the one-year limitation for libel or slander suits did not apply, because the plaintiff in that action did not seek that sort of recovery, the two-year statute not being involved at all.

[2] Objection is made by the appellees to the consideration of appellant's propositions 1 and 2, upon the ground that each is submitted as being applicable to an enumerated group of assignments of error, when in fact the assignments so put together severally deal with as many separate and distinct matters as there are numbers of them, therefore in neither instance furnishing the source of a common point or proposition of law—that is, one germane to them all.

[3] The record verifies as a fact the statement thus made in the objection; it is therefore well taken, and must be sustained. Rule 30 for Courts of Civil Appeals. If they were considered, however, neither of these propositions could be approved. The first of them, No. 1, complains singly of the court's sustaining appellees' special exceptions 1, 2, 5, 7, 8, and 9 to appellant's trial petition, all of which called for more detail and particularity in the cause of action therein declared upon, and in like manner affirms that the pleading was not obnoxious to any of the objections so interposed against it; if, therefore, any one of the exceptions was good, the proposition would fail. Railway Co. v. Biggs (Tex. Civ. App.) 283 S. W. at page 628(5), column 1.

That several of them were well taken, we have no doubt, indeed, we are not prepared to say that any of them were not, but, as the petition is very long, as well as somewhat involved, it is deemed unnecessary to here test it as against all these specified exceptions, but only as to enough of them to indicate the correctness of the trial court's ruling. For example: (1) The fifth exception was addressed to the sixth paragraph of the pleading; that paragraph alleges in general terms that, by reason of the wrongful acts, malicious conduct, and false statements to his bondsmen and others of each and all of the appellees, especially of Houstoun, acting both severally and together in confederation and conspiracy against him, he was compelled to pay two law firms the sum of $1,000 each, and a Mr. Heiser $250; that the $1,000 to the first law firm was paid to them as attorneys for his bondsmen on the insistence of Houstoun that the contract for making his official bond so provided, and that the $250 to Heiser was paid for certain work Houstoun insisted must then be done under his direction in the county tax collector's office; that the other $1,000 was paid for legal services in the effort to defend himself against the attacks thus made upon him by the appellees, etc.

[4] The fifth special exception challenged the legal sufficiency of these averments to authorize appellant to recover the stated sums

from the appellees, in that they fail to show in what way and for what particular service the alleged false statements and wrongful conduct upon their part made it necessary for him to pay out attorney's fees, as well as employ a supervising clerk; it seems to us, they are insufficient. For aught that appears in them, the payments and employment may have been not only entirely voluntary but improvident as well; certainly no proximately causal connection is shown between them and the wrongs alleged, and without it no recovery of them as damages could be had.

[5] 2. Likewise the fifth paragraph of the petition, among many others, some of which are set out at great length, makes one blanket charge that the defendants, without in that connection naming them individually at all, "did at various and sundry times, during the political campaign of 1924, wherein plaintiff was seeking re-election to the office of tax collector of Harris county, Tex., maliciously state to various and sundry people in and about the city of Houston and in other places in Harris county, Tex., that"—following with a sort of a salmagundi of alleged statements, charged to have been made at different dates, in different places, and by different ones of the appellees. The second special exception, leveled at this, asked that the pleader be required to further state: (a) Which of the defendants made these statements; (b) when, where, and to whom they were made; and (c) the exact language of the statements complained of, not mere general allegations as to the character and effect thereof. These particulars, as referable to each charge made, those accused were entitled to, and the learned trial judge did not err in so holding. Vacicek v. Trojack (Tex. Civ. App.) 226 S. W. 505.

[6] As before indicated, it is the same with other sections of the pleading, the exceptions in different instances being sustained to only such portions of the long averments as lacked the specification and particularity to which the appellees were entitled before being required to respond to actual monetary damages, which must always be specifically alleged and proven. The subject will not be further pursued.

The other of appellant's propositions, No. 2, apparently advances to the heart of the case declared upon in its affirmation that his petition, "after having alleged that appellees' actions caused him to lose a renomination and re-election to that office, as well as to incur certain unnecessary expenses incidental to defending himself in his official position, states a combination of facts warranting appellant in his right to recover damages, and entitles him to a recovery as an element of damages in the loss of the office of tax collector of Harris county, Tex., and in being deprived of re-election."

As our preliminary statement has recited,

the only damages sought were the actual special ones flowing from the loss of re-election to the office of tax collector for an additional term beyond his then incumbency, the amount of which was laid at $40,000 and the expenses he had been compelled to pay as a result of appellees' alleged wrongful acts, placed at $10,000 more; there is no count either for punitory damages, or for ouster from the office he actually held at the time for the balance of his unexpired term.

[7] So that, upon this feature, there is only involved a claim for loss of the emoluments of the office of tax collector of Harris county for a two-year term to which he was neither nominated nor elected, his only alleged relation to it having been that he was an unsuccessful candidate for renomination to it in the July primary election of 1924. Were the merits of such claim so presented here as to require consideration of it, this court would be unwilling to hold such damages recoverable, being of opinion that the loss of the office, and of its revenues, could neither be said to be the natural, immediate, and legal consequence of the charges made, nor due exclusively to them, but would be too remote and speculative. Reeves v. Maynard, 32 Ga. App. 380, 123 S. E. 181; Taylor v. Mosely, 170 Ky. 592, 186 S. W. 634, Ann. Cas. 1918B, 1125; Field v. Colson, 93 Ky. 349, 20 S. W. 264.

Appellant has cited no case holding that special damages for the loss of an office in such circumstances could be recovered, nor does this court independently know of one; we are unable to agree with his able counsel that either Johnson v. Galveston Tribune (Tex. Civ. App.) 141 S. W. 304, or Brown v. Mortgage Co., 97 Tex. 599, 80 S. W. 985, 67 L. R. A. 195, supra, supports any such recovery.

As the appellees' brief here states:

"No such issue was involved in the Johnson Case; he pleaded damages to his political career and to his opportunities to secure public office but did not seek to recover the value of the office for which he was a candidate."

Likewise the Brown Case is far afield, there being no public office, nor candidacy for one, there involved at all; the holding there is correctly reflected in syllabus 1, as follows:

"A petition, alleging that defendants conspired together to ruin plaintiffs in their business as real estate loan agents, and for that purpose circulated false statements that plaintiffs were bankrupt, were unable to obtain money to loan, and that the business of certain companies engaged in loaning money had been taken from plaintiffs because of fraudulent conduct as such agents, and that in consequence of such representations plaintiffs' business had been destroyed, stated a cause of action."

The statements and representations there involved had to do with and were alleged to have injuriously affected an established, going business as loan agents, one in esse, which the court refers to as "the business of which

the plaintiffs by their energy and care had built up for themselves"; the destruction of an actual, tangible business of that character is a very different thing from the mere contribution to the defeat of one's candidacy for nomination to a public office, to which, in the contingencies and uncertainties affecting such matters, he might never have been elected anyway.

While further propositions are presented, separate discussion of them is deemed unnecessary, since the conclusions stated determine the merits of the appeal.

The trial court's judgment has been affirmed.

Affirmed.