28252. HARBIN v. GEORGIA STAGES INC. et al.

Decided May 1, 1940. Rehearing denied July 27, 1940.

*John Henry Poole,* for plaintiff.

*S. B. Lippitt, Alexander & Jones,* for defendants.

Guerry, J. S. L. Harbin brought an action against Georgia Stages Inc., R. E. Coleman, and R. S. Coleman, its officers and agents in charge of its affairs, and the Great American Indemnity Company as the surety on the bond of the sheriff of Thomas County. He alleged that the named parties, as a result of a conspiracy, procured C. M. Dixon, sheriff of Thomas County, to arrest Paul Selph in the City of Thomasville where he was transporting for hire six passengers in a taxicab owned and operated by the plaintiff, who had a taxicab business operated exclusively in the City of Tifton, except that he might make occasional trips outside the city limits of Tifton to no fixed termini. The passengers being carried were being transported from Tifton to Thomasville. No warrant had been issued at the time the sheriff arrested Selph, but a warrant was afterward sworn out by R. E. Coleman for and on behalf of the Georgia Stages Inc. Upon a trial in the city court of Thomasville Selph was acquitted of the charge against him. It was alleged, that "said conspiracy by its acts of arresting . . Paul Selph coerced and frightened plaintiff from using public highways and roads for transportation of passengers for hire, while in the prosecution of his business as a taxicab operator," and thus prevented the plaintiff from making an occasional trip beyond the limits of Tifton and not to any fixed terminus outside of Tifton, and thus gave the Georgia Stages Inc., a "complete monopoly over the public roads and highways for transportation of passengers for hire," by reason of the said arrest of Paul Selph; and that such arrest was in pursuance of a conspiracy and for the purpose of preventing the plaintiff from using the public roads of Georgia, and entitled him to damages in the sum of $5000. The petition was demurred to on the grounds that no cause of action was alleged, that there were no allegations of spe-

cial damages, and that the plaintiff had not been arrested or any damage caused him. There were special demurrers on the grounds that there were misjoinders of parties defendant and of causes of actions, because the petition sounded in tort as to some of the defendants and in contract as to the others, and because the surety company was being sued without joining its principal, the sheriff of Thomas County. Exceptions were taken to the sustaining of the special and general demurrers.

The action is predicated on an alleged conspiracy. The acts done in pursuance of such conspiracy do not constitute any cause of action against these defendants. The plaintiff was not arrested. He alleges no damages flowing to him because his servant was arrested, other than that he was frightened. He fails to allege any injury or damage to his business or to his reputation. In effect he alleges that the defendants had the driver of his taxicab arrested without cause, and that this act frightened him. He was not arrested, and no damage flowed to him from the arrest of the servant, other than that the plaintiff became "frightened," and was thereby "coerced" from sending his taxicabs outside the city limits of Tifton. The fact that a conspiracy was alleged will not of itself alone support or form a cause of action. *Vandhitch* v. *Alverson,* 52 *Ga. App.* 308 (183 S. E. 105) ; *Reeves* v. *Maynard,* 32 *Ga. App.* 380 (123 S. E. 181) ; *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551). Unless the acts done in pursuance of such conspiracy are themselves acts causing damage to the plaintiff, no cause of action is alleged. The driver himself in this case would have had no cause of action because of his prosecution under the warrant, unless such prosecution was both malicious and without probable cause. The fact that he may have been found not guilty did not ipso facto give rise to a cause of action in his favor. The owner of the taxicab and the employer of the driver was not arrested or prosecuted. "A criminal prosecution, maliciously carried on, and without any probable cause, whereby *damage ensues to the person prosecuted,* shall give him a cause of action." Code, § 105-801. (Italics ours.) The plaintiff in this case is not entitled to maintain a suit because of the arrest and prosecution of his servant, unless he shows damage flowing to him or his business. The petition alleges no damages, and does not ask for any, other than punitive. It is alleged that the plaintiff was frightened be-

cause his servant was arrested, and he was thus prevented the occasional using of the highways in his taxicab business outside the limits of Tifton. If we concede that the plaintiff's servant was prosecuted without probable cause and that the plaintiff became frightened because thereof, he would not thereby be entitled to maintain an action for punitive damages. We think also that the special demurrers as to misjoinder of causes and of parties were well taken, and that the court properly sustained them.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*