21403. CLARK v. KELLY, Executrix.

ARGUED OCTOBER 10, 1961—DECIDED NOVEMBER 9, 1961—
REHEARING DENIED NOVEMBER 21, 1961.

*Maurice N. Maloof, George Durden,* for plaintiff in error.
*Howard & Storey,* contra.

Mobley, Justice. 1. The motion to dismiss the writ of certiorari is without merit.

2. In construing the petition as amended, the Court of Appeals held that two of the paragraphs in the petition were in irreconcilable conflict as to representations made by the defendant Kelly, pointing out that paragraph 34 of the petition charges "that defendant Kelly by his conduct and representations induced petitioner and her husband and agent to believe that he *had effected* insurance on said property . . ." (Italics ours), while paragraph 35 alleges "that petitioner and petitioner's husband and agent in consideration of Kelly's promises and representations as aforesaid reposed full confidence in defendant Kelly . . . that he *would insure* the said property immediately. . ." (Italics ours).

Construing the petition most strongly against the petitioner, the Court of Appeals eliminated the allegation that the defendant stated that the property *was insured* as of that moment, and held that the petition only alleged that the defendant represented that he *would insure* the property, which allegation, they held, reasonably construed, could only mean that defendant Kelly represented that he would effect regular, i. e., permanent insurance on the property. Therefore, held the court, since the defendant Kelly promised only to secure a regular insurance

policy, and the petition shows that the company did not accept the risk, the defendant Kelly could not have known at the time he made the representation that the insurance would not be issued by the company, and, since representations as to future events ordinarily will not form the basis for an action for fraud and deceit unless the person making the representation knows the event will not take place, the petition failed to set forth a cause of action.

This court does not agree with that determination, as, in our opinion, the allegations of the petition are not conflicting.

The petition does allege, as the Court of Appeals points out, that the defendant stated that he "had effected insurance on the property" and that he "would insure" the property. However, the sequence of events as set out in earlier paragraphs of the petition shows clearly that these allegations are in harmony with each other. First, it is alleged that the defendant, in response to the request of the plaintiff's agent that he issue a binder on the property until a regular policy of insurance could be secured from the company, stated that he would insure the property immediately. That is found in paragraph 17, where it is alleged that the defendant Kelly said "he would immediately prepare and execute a valid binder." Then follows in the same paragraph "whereupon defendant Kelly began writing on a piece of paper [and] then told plaintiff's husband that said property was insured . . . as of that moment." Following that, in paragraph 18 the plaintiff alleged that her husband, in the presence of Kelly, called the plaintiff and assured her that the property was "then insured" and that Kelly then took the telephone and also stated to the plaintiff that the property was "then insured."

Thus it is clear that the petition alleges that the defendant first told the plaintiff's agent he would issue a binder—insure the property immediately—and he then, after having purportedly prepared the binder, told him that the property was insured as of that moment, and went further and called the owner and told her that the property was then insured. Both the allegation that he would insure the property immediately and the allegation that he had insured the property bore reference to the binder, or temporary insurance, and not to the permanent or

regular policy, as the Court of Appeals found. The purpose of paragraphs 34 and 35, which followed the allegations as to the representations and the sequence in which they were made, was to allege that the plaintiff relied upon the representations and was damaged thereby. Considering these allegations in connection with those preceding, especially those quoted from paragraphs 17 and 18, there clearly was no conflict.

The fraud and deceit charged against the defendant is not in failing to secure a policy of insurance from Georgia Casualty Company but in wilfully misrepresenting to the plaintiff's agent that he would prepare and execute a binder, i. e., insurance coverage during the interim from the date of the application until the company issued the policy or refused to do so, which he had authority to do, and, after receiving information from plaintiff's agent and writing on a paper, then assuring plaintiff's agent that he had issued the binder and that the property was insured as of that moment, when in fact he had not insured the property, that is, had not issued the binder, knew he had not done so, and had no intention of doing so.

The petition as amended, which alleged that defendant Kelly represented that he had issued a binder insuring the property when he knew that he had not, or, that he promised that he would issue a binder when in fact he had no intention of doing so; that he made the misrepresentations with the purpose of making the plaintiff believe she was insured as of a certain date when, in fact, she was not; that the plaintiff relied upon the misrepresentations and sustained a loss and damage as a result thereof, states a cause of action for deceit. *Code* § 105-302; *Young v. Hall,* 4 Ga. 95, 98; *Seabrook v. Underwriters Agency,* 43 Ga. 583; *Reddick v. Strickland,* 25 Ga. App. 275 (103 SE 94); *Penn Mutual Life Ins. Co. v. Taggart,* 38 Ga. App. 509 (144 SE 400); *Norris v. Hart,* 74 Ga. App. 444 (40 SE2d 96); *Aderhold v. Zimmer,* 86 Ga. App. 204 (71 SE2d 270).

Accordingly, the Court of Appeals erred in reversing the judgment of the trial court overruling the general demurrer to the petition as amended.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*