22969. CHRISTIAN v. CARROLLTON FEDERAL SAVINGS & LOAN ASSOCIATION.

Submitted May 11, 1965—Decided June 17, 1965.

*Otis C. Bell, H. Thaxton Monk, Jr.,* for plaintiff in error.
*Tisinger & Tisinger, Robert D. Tisinger,* contra.

NOTE: The opinion in this case was prepared by the late Presiding Justice Head for submission to the court and is approved by the court as written.

HEAD, Presiding Justice. The petition can not be construed as an action on an insurance policy. The only allegations concerning the issuance of a policy of insurance are contained in paragraph 5, as amended, which is as follows: "Petitioner shows that on September 26, 1963, her husband purchased a Credit Life Insurance Policy from the defendant, as shown by a memorandum hereto attached and marked 'Exhibit A' and made part of this paragraph the same as if read. The said Credit Life Insurance policy premium is in the sum of $24.84 which was paid to the defendant, and said policy was issued in accordance with Chapter 56-33 of the 1933 Code of Georgia as amended." The exhibit referred to is a notice dated October 28, 1963, addressed to "Dear Member" and stating: "The annual premium on your insurance has now been charged to your loan in response to your request that same be included in your monthly payments. Listed below is the amount by which your regular loan payment should be increased." The notice then shows: "Life Ins. $24.84" and gives the increased loan payment beginning with the October payment.

The defendant must be assumed to be a savings and loan institution, and not an insurance company, since otherwise it could not legally use the term "Federal Savings & Loan Asso-

ciation" in its name. Ga. L. 1937-38, Ex. Sess., pp. 307, 314 (*Code Ann.* § 16-420). By Ga. L. 1960, pp. 289, 749 (*Code Ann.* § 56-3309) it is provided that: "All policies of credit life insurance and credit accident and sickness insurance, shall be delivered or issued for delivery in this State only by an insurer authorized to do an insurance business herein, and shall be issued only through holders of licenses issued by the Commissioner." Construing the petition most strongly against the pleader on general demurrer, its vague allegations do not charge that the defendant, as an insurer, issued a policy of credit life insurance to the petitioner's husband, and do not show that she is entitled to collect any amount from the defendant as an insurer.

The petition does not allege a cause of action for deceit within the rulings in *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731). There is no allegation that the defendant misrepresented to the petitioner's husband that he was insured by a policy of credit insurance. On the contrary, it is alleged that "said policy was issued in accordance with Chapter 56-33 of the 1933 Code of Georgia as amended."

The allegation that the defendant acted in bad faith in advertising the property of the petitioner for sale is a conclusion of the pleader without any facts to support it. The petition does not allege that the defendant was the beneficiary on any policy of credit insurance issued to the plaintiff's husband, or that it has been responsible for any lack of recovery on the policy. It is wholly insufficient to authorize a court of equity to enjoin the sale of the property by the defendant under the terms of the security deed.

The trial judge properly held that the petition failed to state a cause of action for any relief prayed.

*Judgment affirmed. All the Justices concur.*