41735. JONES et al. v. SPINDEL.

SUBMITTED JANUARY 4, 1966—DECIDED FEBRUARY 24, 1966.

*Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr.,*
*Donald E. O'Brien,* for appellants.

*Sheats, Parker & Webb, John Tye Ferguson, John E. Feagin,*
*Paul Webb, Jr.,* for appellee.

FELTON, Chief Judge. ■ *"There is no such crime in Georgia as conspiracy,* but one may be found guilty of a crime caused by

acts pursuant to an already formed conspiracy. The crime is the act prohibited by statute, but not the conspiracy alone. The conspiracy of itself is no crime. The conspiracy is an incident to, and one of the means by which, the act is accomplished." (Emphasis supplied.) *Daniels v. State,* 58 Ga. App. 599 (9) (199 SE 572) ; *Annis v. State,* 85 Ga. App. 188, 191 (68 SE2d 473).

Similarly, " 'Accurately speaking, *there is no such thing as a civil action for conspiracy.* There is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone. While the crime of conspiracy may be committed without doing any overt act in pursuit of the combination, no civil liability is incurred for the conspiracy, but only for the overt acts of the conspirators.' 5 R.C.L. 1901, § 41. 'Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done.' *Woodruff v. Hughes,* 2 Ga. App. 361 (1) (58 SE 551); *Wall v. Seaboard A. L. R.,* 18 Ga. App. 457 (2) (89 SE 533); *Nat. Bank of Savannah v. Evans,* 149 Ga. 67 (99 SE 123); s. c., 23 Ga. App. 736 (99 SE 393)." (Emphasis supplied.) *Reeves v. Maynard,* 32 Ga. App. 380 (1) (123 SE 181); *Barnett v. Eubanks,* 105 Ga. App. 749, 751 (125 SE2d 571) and cit.; *Cook v. Robinson,* 216 Ga. 328 (1) (116 SE2d 742). The conspiracy, when alleged, may be pleaded in general terms. *Cook v. Robinson,* 216 Ga. 328 (3), supra.

There being no cause of action for conspiracy in this State, it follows that the first enumerated error, the judgment of the court overruling the general demurrers based on a failure to set out a cause of action for conspiracy, is without merit. Since there is no enumerated error as to the overruling of general demurrers on any other grounds, such error, if deemed to exist, must be disregarded. *Code Ann.* § 6-810 (Ga. L. 1965, pp. 18, 29; pp. 240, 243).

■ The second enumerated error is the overruling of the special demurrers attacking the nonjoinder of an indispensable party, namely: Modular Components, Inc. To support their position, appellants cite the following allegations of the petition:

■

That the plaintiff was associated with Modular Components, Inc., as a "design consultant" under an agreement whereby they were to pay him a royalty for each house or living unit of apartment space which they built and sold using plaintiff's designs; that certain buildings were constructed by the defendants and the plaintiff was compensated pursuant to his agreement with Modular Components, Inc.; that on each of the sets of working drawings delivered to defendant Jones appeared the following statement: "Design by office of Gilbert D. Spindel, P. E., Consulting Design Engineer, Reg. Pro. Eng. D. C., S. C., Georgia, National Bureau Cert. Qual. 1970. *All rights for these plans reserved by Modular Components, Inc., and G. D. Spindel,* Copyright by G. D. Spindel." (Emphasis supplied.)

Although the petition alleges that certain buildings were constructed by the defendants and the plaintiff compensated pursuant to this agreement, the units for which the plaintiff now seeks compensation are alleged to be those constructed by the defendants, using the plaintiff's designs without authority, and *not built and sold by Modular Components, Inc.* Since these units were not built and sold by Modular, this transaction did not come within the alleged agreement, but was a matter solely between the plaintiff, as the owner of the plans, and the defendants, who allegedly violated the plaintiff's common law copyright by misappropriating the plans. The statement allegedly appearing on the plans, "All rights for these plans reserved by Modular Components, Inc., and G. D. Spindel," does not amount to an allegation of such statement. Even if it be considered an allegation, however, it is subject to being construed in the context of the alleged circumstances, i. e., that these plans were designed for use exclusively under the alleged agreement. Modular's rights therein existed only insofar as they were used by it pursuant to the agreement with the plaintiff. Furthermore, the petition alleges that "[p]laintiff had never sold, assigned, transferred or in any other way divested himself of his title to and ownership of the copyright to said plans, and designs, either to Modular Components, Inc., or to any other person." The statement on the plans indicates that the copyright is by the plaintiff, not the plaintiff *and* Modular. Viewing the petition as

a whole, then, it appears that Modular Components, Inc., was not an indispenable party to the plaintiff's action for infringement of his common law copyright. Even if the contrary should later appear from the evidence, the defendants would not be thereby harmed, since the action must then fail. The second enumerated error is without merit.

The court did not err in either of the judgments enumerated as error.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*