### 24815. BANK OF MIDVILLE v. GORDY.

DUCKWORTH, Chief Justice. The actual relief sought is to enjoin the sale of land under the power of sale in the security deed thereto, the petition alleging that the life insurance on the deceased borrower should have paid off the note. We do not agree with the appellant that it is a suit against the insurance company and involves personalty belonging to the estate of the deceased. But this construction does not add strength to the plaintiff's claim as against the motion to dismiss on the ground no claim for relief is shown. However, examination of the evidence submitted at the interlocutory hearing discloses no grounds whatever for the granting of a temporary injunction. The bank collected a credit life insurance premium, yet the insurance agent refused to accept the premium because he had actual knowledge of the terminal illness of the borrower, and her account was immediately credited by the bank with the amount of the premium. There was no insurance as alleged in the pleadings, and the debt being past due and unpaid, there was no evidence to support the grant of the injunctive relief. For a somewhat similar case see *Christian v. Carrollton Fed. Savings &c. Assn.,* 221 Ga. 119 (143 SE2d 391).

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1968— DECIDED SEPTEMBER 24, 1968.

*R. U. Harden,* for appellant.
*H. Cliff Hatcher,* for appellee.