## 44287. PATTERSON v. CASTELLAW et al.

ARGUED MARCH 4, 1969—DECIDED APRIL 16, 1969—
REHEARING DENIED MAY 20, 1969—

714

*Peek, Whaley, Blackburn & Haldi, Glenville Haldi,* for appellant.

*Cochran, Camp, Snipes & Jose, J. A. Cochran, C. E. Thompson,* for appellees.

Deen, Judge. ■ "A petition alleging that a defendant insurance agent represented that he had issued a binder insuring certain property when he knew that he had not, or that he promised that he would issue a binder when in fact he had no intention of doing so; that he made the misrepresentations in order to make plaintiff believe that she was insured as of a certain date, when, in fact, she was not; that the plaintiff relied upon the misrepresentations and sustained a loss and

damage as a result thereof, states a cause of action for deceit." *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731). The proof in this action established that there was no conspiracy or concert of action between the two defendants, nor was there any negligence on the part of Smith, who left the original choice of corporate insurer to Patterson, followed through in his attempts to obtain possession of the policy, and was at all times told by Patterson that the binder was in effect. Patterson, without seriously contending that there is any hiatus in the evidence establishing wilful misrepresentations on his part on which the plaintiff acted to his injury does, however, contend that since the petition was laid on the theory that the two defendants acted in concert to defraud the plaintiff and the proof shows no wrongful act on the part of Smith, the proof does not sustain the allegations. This defense is not tenable for the reason that the allegations as to conspiracy do not have the effect of creating a cause of action, but only of making one co-conspirator liable for the acts of the other. *Reeves v. Maynard*, 32 Ga. App. 380 (1) (123 SE 181). Since none of the acts necessary to make out the case was committed by Smith, the conspiracy question becomes immaterial. The defendant further contends that the plaintiff had no right to rely on any assurances of Patterson relayed to Smith that there was a binder in force because Smith, being an insurance broker, could not be an agent of the plaintiff, and no such assurances were made directly to the plaintiff by Patterson. He does not and cannot contend, however, that he was not aware from these conversations that Smith was acting in the insured's interest in seeking insurance on the plaintiff's automobile which would include a binder provision making the insurance effective until actual delivery of the policy and that the order was placed in reliance on his representations that the binder was in effect from the moment of his acquiescence in the proposal to have the policy written, an act which this defendant had authority to do and which it was customary to do by telephone with the person placing the insurance. The plaintiff left the decision of where to place the insurance with Smith, and Smith chose to place it with whatever company Patterson should choose from among

those which he represented. It is clear from the evidence that he would not have done so if the binder had not been available. The act was for the benefit of Castellaw, and Smith in performing it was Castellaw's agent in the act of forwarding the information, receiving the acceptance, and thereafter procuring and forwarding the application, premium and notes. Smith also acted as agent for the plaintiff in procuring the assurance that a binder was in effect without which he would not have proceeded to place the insurance. The question of dual agency is not really involved here, but if it were the case would be no different. An insurance broker may act as agent for an insured by placing insurance on the insured's property even without the consent of the insured and, if a loss occurs, the insured may elect to either ratify or repudiate the action which has been taken for his benefit. "All duality of agency is not forbidden. If the principal who seeks to repudiate knows that his agent is also acting for the other party, or if he authorizes a course of dealings wherein, from the very nature of the agency, the agent is expected to act also for the other party, the principal can not complain." *Todd v. German-American Ins. Co.*, 2 Ga. App. 789, 800 (59 SE 94). Certainly Patterson could not say that he did not know Smith was acting for Castellaw, in placing Castellaw's insurance; in this the case differs materially from *Slade v. Little,* 20 Ga. 371, where one not acting for the vendee made a representation of the vendee's solvency to one not known to him to be representing the vendor. Under no theory did the evidence demand a finding in favor of the defendant.

■ Two motions for mistrial were made and overruled—one on the ground that the co-defendant Smith volunteered that the Insurance Commissioner agreed with his own feeling that the fault lay with Patterson and not with him, the other because Smith volunteered while describing a conversation between himself and Patterson in which he reported the loss and found out that he did not have insurance in force, that Patterson "kept saying he had errors and omissions and he was going to have the adjuster to check into it and nothing ever came of it." In the first instance the court interposed immediately and instructed the jury to disregard the remark as hearsay. In the second

place he interposed again immediately, saying, "Just a minute, Mr. Smith," whereupon appellant's counsel said, "I have an objection and I am afraid I am going to have to take up another matter with the court without the presence of the jury." In the ensuing discussion after the jury had retired the court recognized the vice inherent in injecting any issue of insurance into the case, stated that he doubted the jury had caught the purport of the remark in the context of the witness's statement, rebuked the witness, and then overruled the motion.

"Motions of this character are addressed to the discretion of the trial judge; and, unless it can be shown that such discretion has been abused and some positive injury done by the occurrence complained of, the discretion of the trial judge will not be controlled." *Avery v. State*, 209 Ga. 116, 128 (70 SE2d 716). The careful language in which counsel's indication of his objection was couched suggested that he, too, was doubtful that the jury realized that the words "adjustor" and "errors and omissions" referred to liability insurance of the defendant and not to the insurance which had been sought by the plaintiff. The words were themselves words of art, and liability insurance was not the subject of discussion nor was it a subject of the attorney's questions. Where a witness volunteers objectionable material the scope of its effect on the jury and the measures necessary to insure that all parties have a fair trial must be left in large measure to the court. No further instructions to the jury were requested by counsel, and it cannot be said to have been shown that injury followed upon the remark. These grounds are not cause for reversal.

■ There are various exceptions to the instructions relating to the nature and elements of actionable fraud, including the language of *Code* § 37-705 that fraud may be perpetrated by signs and tricks, and of *Code* § 37-706 that fraud is subtle in its nature and slight circumstances may be sufficient to establish its existence. The instructions were all abstractly correct, but it is contended that they interjected elements for the jury's consideration (acts, signs, etc., rather than words) which were not supported by the evidence. There is also complaint on instructions that in the absence of any trust or confidential relation-

ship fraud "cannot form the basis of an action or defense" on the ground that fraud was not being urged as a defense, and on the instruction that the plaintiff must be shown to have relied on the misrepresentation without also saying that he must have a right to rely upon it. The complaint appears to be to the generality of instructions which had they been more limited, might have been subject to equal attack upon the score that they were not general enough. The charge was full and fair, and shows no harmful error.

■ The court charged: "If you reach the conclusion that the plaintiff is not entitled to recover at this point, that would be the end of your deliberations and you would return a verdict in favor of the defendants." While the court failed to give the jury the specific verdict form for this situation, counsel failed to call this omission to the court's attention and the jury did not in fact reach such conclusion. The omission is not by itself cause for reversal under these circumstances.

*Judgment affirmed. Bell, P. J., concurs. Eberhardt, J., concurs in the judgment.*

### ON MOTION TO REHEAR.

"An order denying summary judgment is not subject to review by direct appeal or otherwise, unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal." *Code Ann.* § 81A-156 (h). The statute plainly specifies that unless the order denying a motion for summary judgment is appealed within 30 days and accompanied by a proper judicial certificate it is nonreviewable. Like a motion for nonsuit, it becomes moot when the court reviews the evidence upon the trial of the case. *Hill v. Willis,* 224 Ga. 263 (2) (161 SE2d 281). For this reason the motion of the appellants here that this court send to the trial court to obtain affidavits introduced in support of a motion for summary judgment overruled and not appealed prior to trial, which affidavits were by the clerk of the trial court omitted on appeal, has not been granted for the reason that it would not benefit either party.